UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
AUSTIN DIVISION

| | | |
|---|---|---|
| BENJAMIN ROSARIO,<br>　　　　Plaintiff | §<br>§<br>§ | |
| v. | §<br>§<br>§ | CIVIL ACTION NO.: _____ |
| | § | **JURY TRIAL DEMANDED** |
| TEXAS VETERANS<br>COMMISSION,<br>　　　　Defendant. | §<br>§<br>§ | |

## PLAINTIFF'S ORIGINAL VERIFIED COMPLAINT

TO THE HONORABLE JUDGE OF SAID COURT:

Plaintiff BENJAMIN ROSARIO ("Mr. Rosario"), by and through his attorneys, brings action for damages and other legal and equitable relief from Defendants, Texas Veterans Commission ("the Commission" or "TVC") for violations of Title VII of the Civil Rights Act of 1964 ("Title VII"), as amended 42 U.S.C. § 2000e *et seq.*; Employee Retirement Income Security Act of 1974 ("ERISA"), as amended 29 U.S.C. § 1001 *et seq.*; Age Discrimination in Employment Act of 1967, as amended, 29 U.S.C. § 621 *et seq.* ("ADEA"); Chapter 21 of the Texas Labor Code; Title Two of the Texas Labor Code ("TLC") § 21.001 *e seq.*; and any other cause(s) of action that can be inferred from the facts set forth herein for employment discrimination based on age and sex.

## JURISDICTION AND VENUE

1.    This Court has jurisdiction over this action pursuant to 28 U.S.C. §1331, which confers original jurisdiction upon this Court for actions arising under the laws of the United States, and pursuant to 28 U.S.C. §1343(3) and §1343(4), which confer original jurisdiction upon this

Court in a civil action to recover damages or to secure equitable relief (i) under any Act of Congress providing for the protection of civil rights; (ii) under the Declaratory Judgment Statute, 28 U.S.C. §2201; (iii) under 29 U.S.C. §216(b) *et. seq.*; and (iv) 42 U.S.C. §2000e, *et. seq.* This Court also has federal subject matter jurisdiction over claims brought under Section 510 of the Employment Retirement Income Security Act ("ERISA").[1]

2.    The Court's supplemental jurisdiction is invoked pursuant to 28 U.S.C. §1367(a), which confers supplemental jurisdiction over all non-federal claims arising from a common nucleus of operative facts such that they form part of the same case or controversy under Article III of the United States Constitution.

3.    Venue is proper in this Court pursuant to 29 U.S.C. §216(b), in as much as the unlawful employment practices occurred in this judicial district. Venue is also proper in this Court pursuant to 28 U.S.C. §1391(b)(1) and (c), in that Defendant maintains offices, conducts business, and resides in this district. Venue is similarly proper under ERISA, as it provides broad venue choices in any district where the employee benefit plan is administered, where the alleged breach of the plan took place, or where a defendant resides or may be found.[2]

## THE PARTIES

4.    Plaintiff is an individual who has been aggrieved by Defendant's actions. He is and has been, at all relevant times, a male citizen of the United States of America and is a resident of the State of Texas.

5.    Defendant Texas Veterans Commission is a non-profit organization located at P.O. Box 12277, Austin, Texas 78711-2277. At all relevant times, Texas Veterans Commission has

---

[1] 29 U.S.C. § 1132(f).
[2] 29 U.S.C. § 1132(e)(2).

employed at least 15 employees, has done business within this District, and has been an employer engaged in an industry affecting commerce.

6.    Defendant has at all times been an employer covered by Title VII, ERISA, and the Texas Labor Code.

## EXHAUSTION OF FEDERAL ADMINISTRATIVE REMEDIES

7.    Plaintiff's complaints of discrimination and retaliation pursuant to Title VII were timely filed with the Equal Employment Opportunity Commission ("EEOC"), as was his complaint asserting age discrimination.[3]

8.    On August 28, 2018, the EEOC issued a Notice of Right to Sue prior to the filing of this Complaint.[4]

## STATEMENT OF THE FACTS

9.    Plaintiff was  previously a federal VA employee and acted as a VA counselor for 32 years.  In January of 2010, Plaintiff began working for the TVC and his office was located on the premises of the Kerrville VA Medical Center ("the Center").

10.    Plaintiff worked for the Center until his involuntary resignation in November of 2017.[5]

11.    On or about October of 2017, Plaintiff informed his employer, Defendant TVC, that he was planning to retire early once he accrued his full retirement benefits scheduled to occur

---

[3] *See* Plaintiff's Exhibit A, Charges Submitted to the EEOC.
[4] *See* Plaintiff's Exhibit B, August 28, 2018 Right-to-Sue Letter from the EEOC.
[5] *See* Plaintiff's Exhibit C, Involuntary Resignation Letter. *See also* Plaintiff's Exhibit D, Appeal of Involuntary Resignation to TVC and TVC's Subsequent Denial Letter.

on April 30, 2018, provided that he could use his active military service to "buy back" the years he was lacking before full retirement benefits would accrue.[6]

12.    On or about November 7, 2017, Plaintiff was accused of sexual harassment by a coworker, who first met Plaintiff in February of 2017, just several months prior.

13.    On or about November 14, 2017, at the behest of her superior, Plaintiff's coworker filed a Report of Contact to the TVC through the Center.

14.    On or about November 16, 2017, VA Union Representatives and the TVC interviewed Plaintiff's coworker about the claimed incident with Plaintiff. The TVC did not provide Plaintiff notice and an opportunity to be heard regarding his coworker's complaints.

15.    On or about November 17, 2017, a different VA employee of the Center, presumably the accuser's superior, called the VA Police Department to report the same incident regarding Plaintiff.

16.    On or about November 20, 2017, Plaintiff was approached by two different TVC employees, one being his former supervisor, who advised that the TVC's sexual harassment investigation had concluded and Plaintiff had been found responsible for engaging in acts of sexual harassment against his coworker. At that same time, the TVC employees insisted and ultimately forced Plaintiff to sign a letter of resignation.  Plaintiff was subsequently escorted off the Center's property by the VA Police Department.

17.    The above-described events took place shortly before Plaintiff would have been eligible to retire with his full retirement benefits, as he had previously informed his supervisors

---

[6] *See* Plaintiff's Exhibit E, Employee Retirement System Correspondence. Typically, the TVC requires ten years of service before full retirement benefits accrue, which for Plaintiff would have been January of 2020, but active military service can be applied to the ten-year benchmark to allow employees to retire earlier with full benefits.

was his goal.[7] As a result of Plaintiff's coerced resignation, Plaintiff has not accrued his full retirement benefits.

18.     Shortly before Plaintiff's termination from the Defendant employer, the complaining coworker, around the same time as she made the complaint against Plaintiff, approached, embraced, and even kissed Plaintiff when they were both shopping at a local Wal-Mart in Kerrville, Texas. At that time, Plaintiff's coworker exhibited no signs of discomfort or fear.

## CAUSES OF ACTION

### Count I – Age Discrimination in Employment Act of 1964 (as codified, 29 U.S.C. §§ 621 to 634) – Disparate Treatment Involving Termination

19.     Plaintiff incorporates by reference the allegations above as though set forth in full.

20.     Defendant terminated Plaintiff because of his age in violation of the Age Discrimination in Employment Act ("ADEA"), 29 U.S.C. § 623(a)(1).

21.     Defendant's violation of the ADEA was willful.

22.     As the direct result of Defendant's age discrimination, Plaintiff has sustained and will continue to sustain wage and benefits losses, and has incurred and will continue to incur out-of-pocket losses, including attorney fees and legal costs.

23.     As the direct result of Defendant's pretextual criticisms of Plaintiff's performance, namely, that Plaintiff engaged in acts of sexual harassment, Plaintiff has lost earnings capacity.

24.     WHEREFORE, Plaintiff demands judgment as follows:

a.      That Defendant be ordered to pay Plaintiff back pay and benefits with interest;

---

[7] *See* Plaintiff's Exhibit E.

b.      That Defendant be ordered to reinstate Plaintiff to his former position with all lost pay and benefits, seniority, and promotions;

c.      That, in the alternative, Defendant be required to pay Plaintiff front pay and benefits in the event reinstatement is not feasible;

d.      That a final judgment in favor of Plaintiff and against Defendant be entered for liquidated damages in an amount equal to the amount of wages due and owing to Plaintiff;

e.      That Plaintiff be awarded damages for loss of earnings capacity;

f.      That Defendant be enjoined from discriminating against Plaintiff in any manner that violates the ADEA;

g.      That Plaintiff be awarded the costs and expenses of this litigation and his reasonable attorney fees;

h.      That Plaintiff be awarded compensation for the adverse tax consequences of his recovery of wages and benefits in a lump sum, and;

i.      That Plaintiff be granted such further legal and equitable relief as the Court may deem just and proper.

**Count II – Chapter 21 Texas Labor Code – Disparate Treatment Involving Termination**

25.     Plaintiff incorporates all paragraphs above as though set forth in full.

26.     Defendant's practices as set forth in Count I violate Chapter 21 of the Texas Labor Code prohibiting discrimination on the basis of age.

27.     Defendant acted with reckless indifference to Plaintiff's right under Texas law to be free from age discrimination.

28.     As the direct result of the aforesaid employment practices, Plaintiff sustained the damages and injuries set forth above, as well as grief, anxiety, worry, and distress.

29.     WHEREFORE, Plaintiff demands judgment as follows:

a.      That Defendant be ordered to pay Plaintiff back pay and benefits with interest;

b.      That Defendant be ordered to reinstate Plaintiff to his former position with all lost pay and benefits, seniority, and promotions;

c.      That, in the alternative, Defendant be required to pay Plaintiff front pay and benefits in the event reinstatement is not feasible;

d.      That a final judgment in favor of Plaintiff and against Defendant be entered for liquidated damages in an amount equal to the amount of wages due and owing to Plaintiff;

e.      That Plaintiff be awarded damages for loss of earnings capacity;

f.      That Defendant be enjoined from discriminating against Plaintiff in any manner that violates Chapter 21 of the Texas Labor Code or the ADEA;

g.      That Plaintiff be awarded the costs and expenses of this litigation and his reasonable attorney fees;

h.      That Plaintiff be awarded compensatory and punitive damages;

i.      That Plaintiff be awarded compensation for the adverse tax consequences of his recovery of wages and benefits in a lump sum; and,

j.      That Plaintiff be granted such further legal and equitable relief as the Court may deem just and proper.

**Count III – Texas Commission on Human Rights Act – Age and/or Sex Discrimination**

30.     Plaintiff incorporates all paragraphs above as though set forth in full.

31.     In relevant part, the Texas Commission on Human Rights Act ("TCHRA") provides that it is unlawful for an employer to discharge an individual or discriminated against an individual in any other matter based on race, color, disability, religion, sex, national origin, or age.[8]

32.     Similarly, the TCHRA provides that "[a]n employer . . . commits an unlawful employment practice if the employer . . . retaliates or discriminates against a person who, under this chapter: (1) opposes a discriminatory practice; (2) makes or files a charge; (3) files a complaint; or (4) testifies, assists or participates in any manner in an investigation, proceeding, or hearing."[9]

33.     In the present case, Defendant's termination of Plaintiff's employment was made for the retaliatory purpose of preventing Plaintiff from accruing full retirement payments, in violation of the TCHRA. Alternatively, Defendant's decision to terminate Plaintiff was based on sex. Indeed, Defendant's three-day investigation regarding false claims of sexual harassment against Plaintiff served merely as the pretextual vehicle to allow Defendant to terminate Plaintiff's employment prior to his accrual of full retirement benefits.

34.     The effect of Defendant's unlawful employment practices was to deprive Plaintiff of equal employment opportunities and otherwise adversely affect his status as an employee, because of his age or, alternatively, because of his sex.

35.     As a result of Defendant's wrongful conduct, Plaintiff has suffered and continues to suffer actual damages. Plaintiff has been made to suffer mental anguish and emotional distress, loss of employment and future employment opportunities, and loss of wages and benefits, as the direct and proximate result of Defendant's violation of his civil rights as alleged herein. Plaintiff is reasonably certain to continue to suffer these damages in the future. Plaintiff is therefore entitled

---

[8] Tex. Lab. Code § 21.051.
[9] Tex. Lab. Code § 21.055.

to the rights and remedies at law provided by the TCHRA, Title VII, and 42 U.S.C. § 1981a, including actual damages, compensatory damages, punitive damages, and attorneys' fees.

### Count IV – Title VII of the Civil Rights Act of 1964 (42 U.S.C. §§ 2000e *et seq.*) – Employment Discrimination on the Basis of Sex

36.     Plaintiff incorporates all paragraphs above as though set forth in full.

37.     In relevant part, Title VII provides that "[i]t shall be an unlawful employment practice for an employer . . . to . . . discharge any individual, or otherwise discriminate against any individual with respect to his compensation, terms, conditions, or privileges of employment, because of such individual's race, color, religion, sex, or national origin; or to limit, segregate, or classify his employees . . . in any way which would deprive or tend to deprive any individual of employment opportunities or otherwise adversely affect his status as an employee, because of such individual's race, color, religion, sex, or national origin."[10]

38.     In the alternative to the age discrimination claims outlined above, Defendant's conduct was in violation of Title VII of the Civil Rights Act of 1964 ("Title VII"), as amended 42 U.S.C. § 2000e *et seq.* as he was terminated based on gender and age discrimination.

39.     Defendant engaged in unlawful employment practices in violation of Section 703(a)(1) of Title VII by terminating or constructively terminating Plaintiff because of his sex.[11]

40.     Defendant's decision to terminate Plaintiff was based on sex. Defendant fired Plaintiff because of unfounded accusations of sexual harassment for which Defendants purportedly investigated for a mere three-day period before reaching a conclusion that Plaintiff had engaged in misconduct.

---

[10] 42 U.S.C. § 2000e-2.
[11] 42 U.S.C. § 2000e-2(a)(1).

41.    The effect of Defendant's unlawful employment practices was to deprive Plaintiff of equal employment opportunities and otherwise adversely affect his status as an employee, because of his sex.

42.    Defendant's unlawful employment practices were intentional and done with malice or with reckless indifference to Plaintiff's rights under Title VII.

43.    Plaintiff has been the victim of unlawful discriminatory conduct in the workplace. Plaintiff was unlawfully subjected to disparate treatment and suffered adverse employment actions by Defendant on the basis of his sex. These employment actions were unlawful in violation of Title VII, 42 U.S.C. § 2000e-2(a).

44.    Plaintiff has been made to suffer mental anguish and emotional distress, loss of employment, and future employment opportunities, and loss of wages and benefits, as the direct and proximate result of Defendant's violations of his civil rights as alleged herein. Plaintiff is reasonably certain to continue to suffer these damages in the future. Plaintiff is entitled to the rights and remedies at law provided by Title VII and 42 U.S.C. § 1981a, including actual damages, compensatory damages, punitive damages, and attorneys' fees.

### Count V – Employee Retirement Income Security Act of 1974 (29 U.S.C. § 1140) – Interference with Protected Rights Under ERISA

45.    Plaintiff incorporates all paragraphs above as though set forth in full.

46.    Section 510 of ERISA's statutory scheme prohibits any person, including employers, from discharging or otherwise discriminating against participants or beneficiaries for exercising their rights under a benefit plan or under ERISA.[12]

---

[12] 29 U.S.C. § 1140. *See also Chailland v. Brown & Root, Inc.*, 45 F.3d 947, 950-51 (5th Cir. 1995) (finding the purpose of administrative claim procedures to be to interpret terms of a plan; therefore, they do not apply to a Section 510 claim based on adverse employer action).

47.    More broadly, Section 510 of ERISA's statutory scheme prohibits the "interference with the attainment of any right to which the participant may become entitled."[13] Therefore, participants or beneficiaries who are entitled to a present right or who might be entitled to a future right arising from an employment relationship are protected from any person or employer's interference with those rights. That provision will protect an employee from employer actions that alter the employee's employment status before the vesting of a claim or a vesting of benefits.[14]

48.    To establish a prima facie case of a Section 510 claim under ERISA, a plaintiff must demonstrate (a) there was prohibited conduct; (b) it was taken for the purpose of retaliating or interfering (specific discriminatory intent); and (c) it was against the attainment of an individual's entitled right.[15]

49.    In the present case, Defendant terminated Plaintiff's employment shortly after Plaintiff gave notice of his intention to retire upon accrual of full retirement benefits. Such prohibited conduct took place shortly before Plaintiff's retirement benefits would have accrued in full.[16]

---

[13] 29 U.S.C. § 1140.
[14] *See* 29 U.S.C. § 1140. *See also Inter-Modal Rail Emps. Ass'n v. Topeka and Santa Fe Ry. Co.*, 520 U.S. 510 (1997); *Majewski v. Automatic Data Processing, Inc.*, 274 F.3d 1106, 1113 (6th Cir. 2001).
[15] *See Bodine v. Emplrs. Cas. Co.*, 352 F.3d 245, 250 (5th Cir. 2003).
[16] *See Bodine v. Emplrs. Cas. Co.*, 352 F.3d 245, 251 (5th Cir. 2003); *Van Zant v. Todd Shipyards Corp.*, 847 F. Supp. 69, 72 (S.D. Tex. 1994) ("[P]rohibitions were aimed primarily at preventing unscrupulous employers from discharging or harassing their employees in order to keep them from obtaining vested pension rights." *See also McCall v. Burlington Northern-Santa Fe Co.*, 237 F.3d 506, 513-14 (5th Cir. 2000) (finding prohibited conduct when employer induced an employee to resign to avoid paying benefits); *Christopher v. Mobil Oil Corp.*, 950 F.2d 1209 (5th Cir. 19992) (finding prohibited conduct where employer used deceptive conduct to induce retirement).

50.    By terminating Plaintiff's employment shortly after Plaintiff advised he intended to retire upon accrual of full retirement benefits, Defendant sought to prevent or interfere with Plaintiff's attainment of protected benefits in violation of Section 510 of ERISA.[17]

51.    As an employee of Defendant Texas Veterans Commission, Plaintiff had a promised entitlement to benefits, thereby satisfying the final element of Plaintiff's Section 510 claim.[18]

52.    Therefore, Defendant's conduct was in violation of the Employee Retirement Income Security Act of 1974 ("ERISA"), as amended 29 U.S.C. § 1001 *et seq.*, as he was terminated shortly before his retirement benefits matured. Indeed, but for the unlawful termination of Plaintiff by Defendant, Plaintiff would have become entitled to all retirement benefits under an ERISA plan.[19]

53.    As a result of Plaintiff's Section 510 claims under ERISA, Plaintiff seeks an award of reasonable attorney fees and court costs incurred by raising this claim.[20]

54.    Defendant's conduct was in violation of Title Two of the Texas Labor Code ("TLC") § 21.001 *e seq.* as he was terminated based on gender and age discrimination.

---

[17] *See Stafford v. True Temper Sports*, 123 F.3d 291, 295 (5th Cir. 1997). *See also Nero v. Indus. Molding Corp.*, 167 F.3d 921, 927-28 (5th Cir. 1999) (holding that a plaintiff only needs to show that the discriminatory purpose for interference was a motivating factor, and is not required to show that the discriminatory purpose was the only factor).

[18] *See Bodine v. Emplrs. Cas. Co.*, 352 F.3d 245, 251 (5th Cir. 2003) ("[I]t appears that the [e]mployees neither had nor would have become entitled to any right such that [Section] 510 could come into play in the first place.").

[19] *See Christopher v. Mobil Oil Corp.*, 950 F.2d 1209, 1221-23 (5th Cir. 1992) (finding that "but for" the employer's allegedly deceptive inducement of plaintiff to retire, the plaintiff would have been a current employee with an expectation of benefits).

[20] *See Hardt v. Reliance Std. Life Ins. Co.*, 130 S. Ct. 2149, 2149 (2010) (holding that courts have discretion to give either party reasonable attorneys' fees or costs, so long as the claimant achieves "some degree of success on the merits.").

## Count VI – Hostile and Abusive Working Environment

55.     Plaintiff incorporates all paragraphs above as though set forth in full.

56.     The Defendant's conduct as alleged above constitutes hostile and abusive working environment in violation of Title VII and the ADEA. The stated reasons for the Defendant's conduct were not the true reasons, but instead were pretext to hide the Defendant's discriminatory animus.

## Count VII – Request for Declaratory Judgment

57.     Plaintiff incorporates all paragraphs above as though set forth in full.

58.     A present and actual controversy exists between Plaintiff and Defendant concerning their rights and respective duties. Plaintiff contends that Defendant violated his rights under Title VII, the Texas Commission on Human Rights Act, Chapter 21 and Title II of the Texas Labor Code, and the Employment Retirement Income Security Act of 1974. Plaintiff is informed and believes and thereon alleges that Defendant denies these allegations. Declaratory relief is therefore necessary and appropriate.

59.     Plaintiff seeks a judicial declaration of the rights and duties of the respective parties.

## Count VIII – Request for Permanent Injunctive Relief

60.     Plaintiff incorporates all paragraphs above as though set forth in full.

61.     No plain, adequate, or complete remedy at law is available to Plaintiff to redress the wrongs addressed herein.

62.     If this Court does not grant the injunctive relief sought herein, Plaintiff will be irreparably harmed.

## PRAYER FOR RELIEF

**WHEREFORE,** Plaintiff Ben Rosario prays for the following relief:

A.      A declaratory judgment declaring that the practices complained of herein are unlawful and in violation of Title VII of the Civil Rights Act of 1964 ("Title VII"), as amended 42 U.S.C. § 2000e *et seq.*; Employee Retirement Income Security Act of 1974 ("ERISA"), as amended 29 U.S.C. § 1001 *et seq.*; Title Two of the Texas Labor Code ("TLC") § 21.001 *et seq.;*

B.      A permanent injunction against Defendant and its officers, agents, successors, employees, representatives, and any all persons acting in concert with Defendant, prohibiting them from engaging in unlawful age and/or sex discrimination against employees or applicants for employment;

C.      Back pay and reinstatement or front pay (including interest and benefits), and other affirmative relief necessary to eradicate the effects of Defendant's unlawful employment practices;

D.      Compensatory and punitive damages;

E.      Reasonable attorneys' fees and all expenses and costs of this action;

F.      Pre-judgment interest;

G.      All damages which Plaintiff has sustained as a result of Defendant's conduct, including back pay, liquidated damages, general and special damages for lost compensation and job benefits he would have received by for Defendants' improper practices;

H.      A jury trial on these issues to determine liability and damages; and

I.      Such other and further legal and equitable relief as this Court deems necessary, just, and proper.

## <u>DEMAND FOR TRIAL BY JURY</u>

Pursuant to Rule 38(b) of the Federal Rules of Civil Procedure, Plaintiff demands a trial

by jury of all issues so triable in this action.

Respectfully submitted,

DAVID K. SERGI AND ASSOCIATES, P.C.


By:   /s/ *David K. Sergi*
David K. Sergi
Texas Bar No. 18036000
Email:  david@sergilaw.com
329 S. Guadalupe St.
San Marcos, TX 78666
Tel. (512)392-5010
Fax (512)392-5042
Attorney for Plaintiff Benjamin Rosario

UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
SAN ANTONIO DIVISION

| | | |
|---|---|---|
| BENJAMIN ROSARIO, | § | |
| Plaintiff | § | |
| | § | |
| v. | § | CIVIL ACTION NO.: _____ |
| | § | |
| | § | |
| | § | **JURY TRIAL DEMANDED** |
| TEXAS VETERANS | § | |
| COMMISSION, | § | |
| Defendant. | § | |

**PLAINTIFF'S ORIGINAL VERIFIED COMPLAINT**

# EXHIBIT A

EEOC Form 5 (11/09)

| CHARGE OF DISCRIMINATION | Charge Presented To: | Agency(ies) Charge No(s): |
|---|---|---|
| This form is affected by the Privacy Act of 1974. See enclosed Privacy Act Statement and other information before completing this form. | ☐ FEPA  ☒ EEOC | 451-2018-03493 |

| Texas Workforce Commission Civil Rights Division | and EEOC |
|---|---|
| *State or local Agency, if any* | |

| Name *(indicate Mr., Ms., Mrs.)* | Home Phone | Year of Birth |
|---|---|---|
| Mr. Benjamin M Rosario | (830) 792-7171 | 1946 |

| Street Address | City, State and ZIP Code |
|---|---|
| 150 Longhorn Trail, KERRVILLE, TX 78028 | |

Named is the Employer, Labor Organization, Employment Agency, Apprenticeship Committee, or State or Local Government Agency That I Believe Discriminated Against Me or Others. (*If more than two, list under PARTICULARS below.*)

| Name | No. Employees, Members | Phone No. |
|---|---|---|
| TEXAS VETERANS COMMISSION | 201 - 500 | (512) 463-6564 |

| Street Address | City, State and ZIP Code |
|---|---|
| 1700 Congress Ave, Suite 800, AUSTIN, TX 78701 | |

| Name | No. Employees, Members | Phone No. |
|---|---|---|
| | | |

| Street Address | City, State and ZIP Code |
|---|---|
| | |

DISCRIMINATION BASED ON *(Check appropriate box(es).)*

☐ RACE  ☐ COLOR  ☒ SEX  ☐ RELIGION  ☐ NATIONAL ORIGIN
☐ RETALIATION  ☐ AGE  ☐ DISABILITY  ☐ GENETIC INFORMATION
☐ OTHER *(Specify)*

| DATE(S) DISCRIMINATION TOOK PLACE | |
|---|---|
| Earliest | Latest |
| 11-20-2017 | 11-20-2017 |

☐ CONTINUING ACTION

THE PARTICULARS ARE (*If additional paper is needed, attach extra sheet(s):*)

I began working for Respondent on January 2010 as a Veterans Benefits Counselor. On or about November 2017, I was wrongfully accused of sexual harassment by a Veterans Affairs employee and my supervisor, Michael Yaeger, terminated my employment on November 20, 2017. He told me that had the allegations happen before the Me too movement era, her complaints would not have progressed to termination.

I believe that Respondent took her word without discussing the allegations with me and no investigation was conducted; Respondent clearly accepted her description of events only because shes a female and discriminated against me because I am a Male.

I believe I have been discriminated against because of my Sex, Male, in violation of Title VII of the Civil Rights Act of 1964 as amended.

| I want this charge filed with both the EEOC and the State or local Agency, if any. I will advise the agencies if I change my address or phone number and I will cooperate fully with them in the processing of my charge in accordance with their procedures. | NOTARY – When necessary for State and Local Agency Requirements |
|---|---|
| I declare under penalty of perjury that the above is true and correct. | I swear or affirm that I have read the above charge and that it is true to the best of my knowledge, information and belief. SIGNATURE OF COMPLAINANT |
| **Digitally signed by Benjamin Rosario on 08-23-2018 08:56 AM EDT** | SUBSCRIBED AND SWORN TO BEFORE ME THIS DATE *(month, day, year)* |

EEOC Form 5 (11/09)

| CHARGE OF DISCRIMINATION | Charge Presented To: | Agency(ies) Charge No(s): |
|---|---|---|
| This form is affected by the Privacy Act of 1974. See enclosed Privacy Act Statement and other information before completing this form. | ☐ FEPA<br>☒ EEOC | 451-2018-00921 |
| | Texas Workforce Commission Civil Rights Division | and EEOC |
| | *State or local Agency, if any* | |

| Name *(indicate Mr., Ms., Mrs.)* | Home Phone | Year of Birth |
|---|---|---|
| Mr. Benjamin M Rosario | (830) 792-7171 | 1946 |

| Street Address | City, State and ZIP Code |
|---|---|
| 150 Longhorn Trail,  KERRVILLE, TX 78028 | |

Named is the Employer, Labor Organization, Employment Agency, Apprenticeship Committee, or State or Local Government Agency That I Believe Discriminated Against Me or Others. *(If more than two, list under PARTICULARS below.)*

| Name | No. Employees, Members | Phone No. |
|---|---|---|
| TEXAS VETERANS COMMISSION | 501+ | (512) 463-6564 |

| Street Address | City, State and ZIP Code |
|---|---|
| PO  Box 12277,  AUSTIN, TX 78711 | |

| Name | No. Employees, Members | Phone No. |
|---|---|---|
| | | |

| Street Address | City, State and ZIP Code |
|---|---|
| | |

DISCRIMINATION BASED ON *(Check appropriate box(es).)*

☐ RACE ☐ COLOR ☐ SEX ☐ RELIGION ☐ NATIONAL ORIGIN
☐ RETALIATION ☒ AGE ☐ DISABILITY ☐ GENETIC INFORMATION
☐ OTHER *(Specify)*

| DATE(S) DISCRIMINATION TOOK PLACE | |
|---|---|
| Earliest | Latest |
| 11-20-2017 | 11-20-2017 |

☐ CONTINUING ACTION

THE PARTICULARS ARE *(If additional paper is needed, attach extra sheet(s)):*

In January 2010, I was hired as a Veteran Benefits Counselor with the above employer. On November 20, 2017, I was terminated from my Veteran Benefits Counselor position by the above employer. On November 20, 2017, I was told to resign or I would be involuntarily separated. The termination allegedly stemmed from a sexual harassment complaint filed against me. Denying that I had sexually harassed anyone, and without due process (I was told that I had to make a choice in that instance, or I would be involuntarily separated), under substantial duress, I resigned. The resignation erased my entitlement to a State of Texas pension, to which I would have been eligible in three months. My suspicion is that I was (effectively) fired so the employer would not have had to pay a substantial pension to me. I believe that I have been discriminated against because of my age, 72, in violation of the Age Discrimination in Employment Act of 1967, as amended.

| I want this charge filed with both the EEOC and the State or local Agency, if any. I will advise the agencies if I change my address or phone number and I will cooperate fully with them in the processing of my charge in accordance with their procedures. | NOTARY – *When necessary for State and Local Agency Requirements* |
|---|---|
| I declare under penalty of perjury that the above is true and correct.<br><br><br>Digitally signed by Benjamin Rosario on 03-20-2018 02:36 PM EDT | I swear or affirm that I have read the above charge and that it is true to the best of my knowledge, information and belief.<br>SIGNATURE OF COMPLAINANT<br><br>SUBSCRIBED AND SWORN TO BEFORE ME THIS DATE<br>*(month, day, year)* |



Find messages, documents, photos or people

← Back    ↶    ⇜    ⇒    🗄 Archive    🗁 Move    🗑 Delete    🛡 Spam

### Charge Of Discrimination             Yahoo/Inbox



**U.S. Equal Employment Opportu...**      Aug 23 at 7:57 AM
To: fsgros@yahoo.com

**U.S. Equal Employment Opportunity Commission**

This email confirms that your Charge of Discrimination against TEXAS
VETERANS COMMISSION was filed with the United States Equal
Employment Opportunity Commission on 08/23/2018 . The Charge
Number is 451-2018-03493. Please refer to that number when
communicating with the US EEOC about your charge. A copy of the
Charge of Discrimination is attached. Please retain a copy of this
document for your files. A copy of the Charge of Discrimination is also
available by signing-in to the EEOC Charging Party Portal.

(Document Attached)

This email is an official notification from the U.S. Equal Employment
Opportunity Commission (EEOC) regarding charge 451-2018-03493.
Please do not reply to this email.

*Notice of Confidentiality: The information contained in this transmission may contain
privileged and confidential information, including information protected by federal and
state privacy laws. It is intended only for the use of the person(s) named above. If you are
not the intended recipient, you are hereby notified that any review, dissemination,
distribution, or duplication of this communication is strictly prohibited and may be
unlawful. If you are not the intended recipient, please contact us at
         and destroy all copies of the original message and attachments.*



Signed Char... .pdf
37kB

↶    ⇜    ⇒    •••

150 Longhorn Trail
Kerrville, Texas 78028
August 20, 2018

U.S.Equal Employment
Opportunity Commission
5410 Fredericksburg Road
Suite 200
San Antonio, Texas 78229

Sir,

As instructed by an EEOC representative by phone this morning, I am
making this written request for an in-person interview with the EEOC office
in San Antonio. I recently filed a formal complaint, and my inquiry number
is 451-2018-03493.

My complaint is against my former employer, The Texas Veterans
Commission (TVC). On or about November 17, 2017, I was visited in my
VHA Kerrville office by two TVC officials who read me a statement that
was a sexual harassment complaint lodged against me. I was told that the
complaint would not likely be looked at seriously because had the "incident"
had happened before the "Me too" era, there would likely not have been any
serious reactions. On November 20, two TVC officials visited my office and
forced me to resign, vs accepting an involuntary termination. Since there
was little or no formal investigation about the "incident", my only logical
conclusion was that the TVC accepted my accuser's story as being valid
simply because she was a woman (vs a man's story) and that constituted
sexual discrimination by the TVC. I was fired approximately two months
before I would have been eligible for a State of Texas retirement.

The address for the Texas Veterans Commission office is 1700 North
Congress Ave. , 78701-1496 , and the phone number is (512) 463-6564.

Respectfully submitted,
Benjamin M. Rosario

(830) 792-7171
fsgros@yahoo.com

UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
SAN ANTONIO DIVISION

| | | |
|---|---|---|
| BENJAMIN ROSARIO, | § | |
| Plaintiff | § | |
| | § | |
| v. | § | CIVIL ACTION NO.: _____ |
| | § | |
| | § | |
| | § | **JURY TRIAL DEMANDED** |
| TEXAS VETERANS | § | |
| COMMISSION, | § | |
| Defendant. | § | |

## PLAINTIFF'S ORIGINAL VERIFIED COMPLAINT

# EXHIBIT B

EEOC Form 161 (11/16)

**U.S. EQUAL EMPLOYMENT OPPORTUNITY COMMISSION**

## DISMISSAL AND NOTICE OF RIGHTS

| To: | Benjamin M. Rosario<br>150 Longhorn Trail<br>Kerrville, TX 78028 | From: | San Antonio Field Office<br>5410 Fredericksburg Rd<br>Suite 200<br>San Antonio, TX 78229 |
|---|---|---|---|

|  | On behalf of person(s) aggrieved whose identity is<br>CONFIDENTIAL (29 CFR §1601.7(a)) |  |
|---|---|---|

| EEOC Charge No. | EEOC Representative | Telephone No. |
|---|---|---|
| 451-2018-03493 | **Manuel Medina,**<br>**Investigator** | **(210) 281-7663** |

**THE EEOC IS CLOSING ITS FILE ON THIS CHARGE FOR THE FOLLOWING REASON:**

☐  The facts alleged in the charge fail to state a claim under any of the statutes enforced by the EEOC.

☐  Your allegations did not involve a disability as defined by the Americans With Disabilities Act.

☐  The Respondent employs less than the required number of employees or is not otherwise covered by the statutes.

☐  Your charge was not timely filed with EEOC; in other words, you waited too long after the date(s) of the alleged discrimination to file your charge

☒  The EEOC issues the following determination:  Based upon its investigation, the EEOC is unable to conclude that the information obtained establishes violations of the statutes.  This does not certify that the respondent is in compliance with the statutes.  No finding is made as to any other issues that might be construed as having been raised by this charge.

☐  The EEOC has adopted the findings of the state or local fair employment practices agency that investigated this charge.

☐  Other *(briefly state)*

### - NOTICE OF SUIT RIGHTS -
*(See the additional information attached to this form.)*

**Title VII, the Americans with Disabilities Act, the Genetic Information Nondiscrimination Act, or the Age Discrimination in Employment Act:** This will be the only notice of dismissal and of your right to sue that we will send you. You may file a lawsuit against the respondent(s) under federal law based on this charge in federal or state court.  Your lawsuit **must be filed <u>WITHIN 90 DAYS</u> of your receipt of this notice**; or your right to sue based on this charge will be lost.  (The time limit for filing suit based on a claim under state law may be different.)

**Equal Pay Act (EPA):** EPA suits must be filed in federal or state court within 2 years (3 years for willful violations) of the alleged EPA underpayment.  This means that **backpay due for any violations that occurred <u>more than 2 years (3 years)</u> before you file suit may not be collectible.**

On behalf of the Commission

*Travis G. Hicks*                                      8/28/2018

|  |  |
|---|---|
| Enclosures(s) | **Travis G. Hicks,**<br>**Director** | *(Date Mailed)* |

cc:     Glenn Tramel
        Human Resources
        **TEXAS VETERANS COMMISSION**
        1700 Congress Ave, Suite 800
        Austin, TX 78701

UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
SAN ANTONIO DIVISION

| | | |
|---|---|---|
| BENJAMIN ROSARIO,<br>    Plaintiff | §<br>§<br>§ | |
| v. | §<br>§<br>§ | CIVIL ACTION NO.: _____ |
| | § | **JURY TRIAL DEMANDED** |
| TEXAS VETERANS<br>COMMISSION,<br>    Defendant. | §<br>§<br>§ | |

**PLAINTIFF'S ORIGINAL VERIFIED COMPLAINT**

# EXHIBIT C



**ELISEO "AL" CANTU, JR.**
Major, US Army (Retired)
Chairman

**J.K. "JAKE" ELLZEY**
Commander, US Navy (Retired)
Secretary

**DANIEL P. MORAN**
Captain, USMC (Retired)
Member

**THE REV. RICHARD A. McLEON, IV**
US Army Veteran
Member

**KEVIN BARBER**
US Army Veteran
Member

**THOMAS P. PALLADINO**
Colonel, US Army (Retired)
Executive Director

## TEXAS VETERANS COMMISSION

November 20, 2017

Michael Jaeger
Southwest District Manager
Claims & Representation

Dear Mr. Jaeger:

I hereby resign my position as Veterans Representative IV with the Texas Veterans
Commission, effective immediately, November 20, 2017.

_____            11-20-2017
Benjamin Rosario                                    Date

I hereby accept your resignation as Veterans Representative IV with the Texas Veterans
Commission, effective immediately, November 20, 2017.

_____            11-20-2017
Michael Jaeger                                       Date

TVCHR-29 Employee Exit Report (Front)                                November 2015

## TEXAS VETERANS COMMISSION
### Employee Exit Report

Employee
Payroll Name _BENJAMIN ROSARIO_                Emp ID # _700 333 98 1476_

Assigned Location _KERRVILLE VAMC_            Separation Date _Nov 20, 2017_

The following information to be completed by the supervisor:

### 1. Primary Reason for Separation
(Include employee's letter of resignation with separation paperwork.)

☒ Resignation in lieu of involuntary separation
☐ Release during Probation
☐ Completion of Temporary/Emergency Appointment
☐ Voluntary Termination/Resignation
☐ Separation Due to Expiration of Authorized LOA
☐ Reduction in Force
☐ Transfer to a Different State Agency
☐ Dismissal for Cause
☐ Retirement
☐ Death
☐ Termination at Will

Additional Comments: _____
_____
_____

### 2. Employee's Current/Forwarding Mailing Address

_150 LONGHORN TRAIL_
Street or P.O. Box Number

_KERRVILLE_           _TX_
City                   State

_78028_        _082_
Zip Code       County Code (see reverse)

_(830) 792-7171_
Main Contact Phone Number

_tsgros @ yahoo.com_
Personal E-Mail Address

Copy of completed form must be provided to the employee.
Original is to be forwarded with other separation paperwork
to the Human Resources Department for inclusion in the
employee's personnel file.

### 3. The following items should be reviewed with the terminating employee:

☑ Offered opportunity to complete Online Exit Survey

☐ Return of state-issued property
  ☑ Identification badge/Business cards
  ☐ Parking Permit
  ☑ Agency keys
  ☐ Corporate credit card
  ☐ Cell phone
  ☐ Laptop Computer/PDA, etc.
☐ Contribution to Sick Leave Pool
☐ Monthly Timesheet
☑ Leave and Compensatory Time Report
☐ Retirement benefits/contributions
☐ Benefits termination package
☑ Disposition of final pay warrants(s)

### 4. Computer Access:

☐ VES; Delete WIT Access, State Main Frame and local IT

☒ E-mail this completed form to delete additional computer security access as applicable:

  ☐ ALL: E-mail to IT Department at HQ to delete TVC Email Account

  ☒ CLAIMS: E-mail to Regional Office to delete DVA _and_ CMS Computer access

  ☐ VETS ED: E-mail to Administrator to delete access to Vets Ed Database.

  ☐ E-mail to specific program administrator to delete access to Salesforce

  ☐ E-mail to Director of Resource Management at HQ to delete access to USAS

☐ Assign a new Administrator to PC if needed to ensure PC is accessible for future users

_[signature]_                 _20 Nov 2017_
Signature of Supervisor        Date

UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
SAN ANTONIO DIVISION

| | | |
|---|---|---|
| BENJAMIN ROSARIO, | § | |
|     Plaintiff | § | |
| | § | |
| v. | § | CIVIL ACTION NO.: _____ |
| | § | |
| | § | |
| | § | **JURY TRIAL DEMANDED** |
| TEXAS VETERANS | § | |
| COMMISSION, | § | |
|     Defendant. | § | |

---

**PLAINTIFF'S ORIGINAL VERIFIED COMPLAINT**

---

# EXHIBIT D

Texas Veterans Commission
Attn: Victor Polanco and Cruz Montemayor
1700 N. Congress Avenue
Austin, Texas 78701-1496
November 27, 2017

Sirs:

At the conclusion of the meeting of November 20, 2017, with Mr. Michael Jaeger and another gentleman, I was informed that I was to resign or be terminated from TVC employment immediately.

I asked Mr. Jaeger if I had any available appeals recourse with this termination action. I was told that an appeal had to be filed with TVC within five business days. No instructions, specific forms, specific format, or even general suggestions were offered.

By this correspondence, I am appealing my coerced resignation in lieu of immediate termination. Please provide me with the necessary instructions, forms, and documents for this appeal process.

Note: This is a follow-up to an e-mail (copy attached) that I sent to TVC in Austin on November 24, 2017, for the same notice that I am appealing my coerced resignation. This follow-up is to ensure TVC's timely receipt of my appeal.


Respectfully submitted,

Benjamin M. Rosario
150 Longhorn Trail
Kerrville, Texas 78028

11/29/17
not sent

Mr. Glen Trammel,

My formal appeal is in the format of instructions in the **Filing an Appeal to an Adverse Action** instructions.

**A copy of the notice of adverse action:** attached, along with the Employee Exit Report of the same date.

**A statement of appeal that includes what the employee will attempt to prove in the appeal that will alter the original decision for---adverse employment action: and:** My original statement offered on November 16, 2017, the date that I was informed that a sexual harassment complaint had been filed against me, was woefully incomplete and inadequate for my defense. I was blind-sided with the complaint and I was instructed to make a written statement within a very short period of time. Under those circumstances, in a state of shock and anxiety, I believe that any reasonable person could concede that my statement may not have been as comprehensive that it could have been, had I been given the time to calm down, gather my thoughts, and seriously try to recall pertinent details that would have been offered in my defense.

*Additional Information that was not previously allowed to be presented and was not considered in as follows:*

After our short conversation on the date of the alleged sexual harassment, Ms. Martinez did not offer me any indication what-so-ever that she was uncomfortable with our conversation or with the peck on her cheek. The peck on her cheek was not intended as any invitation, intimidation or any other inference. The peck on her cheek should have been considered as an incidental reaction, just as if I had given my daughter or grandchildren a peck on the cheek (please note that my daughter is the same age as Ms Martinez). Again, Ms Martinez did not in any means or fashion react to the peck on the cheek that would have lead me or any reasonable person to believe she had been offended. I did not at any time intend to put her or anyone else in an uncomfortable position.

In fact, in the polite conversation that followed, she offered the services of her son to care for our animals (chickens, dogs, cats) while my wife and I traveled after I retired. It would seem to me or any reasonable person that if she were that offended, she would not have made such an offer but would have abruptly left the area if she was somehow unable to voice her being uncomfortable. When I escorted her to the door to my office (which, was fully open at all times on any occasion she came to my office), she gave me a "see you later" hug, as she had routinely done on many, many occasions in the past year. I impulsively gave her a peck on her cheek. It was no more of a peck than what I would have given my children or grandchildren upon receiving a see you later hug from them. Again, she gave me no indication that she had been offended. Ms. Martinez has NEVER indicated to me that she was offended or felt uncomfortable in any of our encounters, on the job or in public.

After arriving home and explaining to my wife what transpired on the date of the coerced resignation, my wife reminded me of an incident that occurred before the date of the alleged sexual harassment. My wife and I were shopping in a local Wal Mart store, when Ms. Martinez walked up to me and gave me a big hug, right in front of my wife without hesitation. My wife witnessed the incident and even recalls that Ms. Martinez gave me what appeared to be a peck on the cheek at the time. The point of this history is that Ms. Martinez had initiated hugs with me on numerous occasions in the past in the VHA facility, in the presence of other VHA employees and hospital patients. To be very technical, I could have filed sexual harassment complaints against her, but I never felt threatened or uncomfortable about those hugs. They were seemingly routine greeting hugs or see you later hugs. Ms. Martinez' co-worker, Mrs. Megan Oliveri, also had the habit of initiating hugs in the same manner as Ms. Martinez, again for which I felt no discomfort. Mrs. Oliveri, to my knowledge has never complained about our on the job encounters. Note, Ms. Martinez and Mrs. Oliveri share adjoining offices.

Having never "propositioned" Ms. Martinez for any favors, sexual or otherwise in the past, I do not feel that a single impulsive peck on her cheek should have ever in any way been construed as an act of sexual harassment. I cannot address any other unspecified claims in her complaint, if any, as I have never been offered a copy of the complaint document for my review. I question Ms. Martinez' motive for submitting the complaint to begin with, when she herself has engaged in similar personal contacts with me in the past, and I felt no need to complain to anyone. I know of no complaints from any source about any encounters between any VHA employee and myself.

**Supporting documentation that was not a part of the original adverse action.**: I have no additional supporting documentation that has not been considered by TVC. I have not been offered any documentation of any investigations that may have been conducted by VA personnel, union or otherwise. I do not know who, if anyone, has been interviewed regarding this complaint. As such, if I were to engage in any interviews on my own, I would not know if evidence that I might have gathered in my support would have been considered as "new and material evidence" to the TVC decision-making process.

First: I do not feel that my action of a single peck on the cheek was so serious as to support a bona-fide sexual harassment complaint. In the absence of any documentation to me that my action was so serious as to warrant termination of TVC employment, I feel that the TVC Adverse Action did not properly address the allegation. In fact, I was informed on the 16th of November I was not to worry since after an investigation was conducted, nothing probably would have come of it.

Then on the date of termination I was told that if this complaint had been filed 6 months earlier, nothing probably would have come from it. Perhaps the sensationalism currently in the national news regarding sexually harassment allegations and assaults against prominent individuals could have swayed the decision makers to come up with such a severe decision. I feel that additional investigation on the part of the TVC and VHA should have been conducted.

There would have been evidence that the alleged sexual harassment complaint was not justified and that the coerced resignation in lieu of involuntary separation was not a proper resolution to this matter. Since the termination action did not cite a specific reason or any TVC laws or regulations that may have been applicable, the reason for the termination was not justified in citations in law or policy.  At the very most, a TVC admonishment not to ever again engage in such conduct would have served a more just purpose. One could conclude, or at least suspect, that a competent and loyal TVC Veterans Benefits Counselor, was "thrown under the bus" as a knee jerk reaction to the unsubstantiated sexual harassment complaint, resulting in an easy but unjust expedited action by the agency.

Second: My having been fired unjustly just three months before I would have been eligible for FULL state retirement benefits, could reasonable raise questions about the TVC motive (or at least questionable reaction to the incident) for my firing. I had informed my supervisor verbally that I was planning on utilizing the "rule of 80" so that I could retire on my 72nd birthday, so he would have sufficient time to assign a qualified replacement for my counselor position. I had also mentioned this to many others within my work area. One could interpret that the unjust firing had the serious consequence of voiding my retirement eligibility.

For a mutually agreeable resolution, I want a retraction from TVC that I resigned in lieu of involuntary separation (because of a sexual harassment complaint that was not cited in the Employee Exit Report or elsewhere). No one has ever cited a legal for my involuntary separation.   I also want the TVC to facilitate reinstatement of my retirement eligibility.

Note that I am currently disputing a subsequent ERS decision that I am not eligible to buy back my military service for State retirement eligibility on an effective date prior to the sexual harassment complaint. I made the initial request for military service buy back eligibility prior to the alleged sexual harassment complaint and I was initially told by ERS that I was eligibly for a military service buy back.

I appreciate TVC affording me the opportunity to further explain my actions via this appeal process.

Respectfully submitted,


Benjamin M. Rosario

150 Longhorn Trail

Kerrville, Texas 78028

November 27, 2017

Attached:  Resignation document copy, Employee Exit Report copy, Copy of instructions on filing an Appeal to an Adverse Action.



**ELISEO "AL" CANTU, JR.**
Major, US Army (Retired)
Chairman

**THE REV. RICHARD A. McLEON, IV**
US Army Veteran
Vice Chairman

**J.K. "JAKE" ELLZEY**
Commander, US Navy (Retired)
Secretary

**DANIEL P. MORAN**
Captain, USMC (Retired)
Member

**KEVIN BARBER**
US Army Veteran
Member

**THOMAS P. PALLADINO**
Colonel, US Army (Retired)
Executive Director

## TEXAS VETERANS COMMISSION

December 15, 2017

Mr. Benjamin M. Rosario
150 Longhorn Trail
Kerrville, Texas 78028

Dear Mr. Rosario:

Your appeal and detailed explanation was received, reviewed and given due consideration.

It has been determined however, that your appeal failed to provide adequate justification for overturning the Agency's decision accept your resignation in lieu of termination.

A copy of this letter will be included in your personnel file.

Sincerely,

Cruz Montemayor
Deputy Executive Director

UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
SAN ANTONIO DIVISION

| | | |
|---|---|---|
| BENJAMIN ROSARIO, | § | |
|     Plaintiff | § | |
| | § | |
| v. | § | CIVIL ACTION NO.: _____ |
| | § | |
| | § | |
| | § | **JURY TRIAL DEMANDED** |
| TEXAS VETERANS | § | |
| COMMISSION, | § | |
|     Defendant. | § | |

**PLAINTIFF'S ORIGINAL VERIFIED COMPLAINT**

# EXHIBIT E

150 Longhorn Trail

Kerrville, Tx 78028

November 6, 2017

Employee Retirement System of Texas

P. O. Box 3207

Austin, Texas 78711-3207

Sir:

I have experienced a great deal of difficulty contacting your office by telephone, so I am corresponding by mail instead.

I have an inquiry with your office that I began about two weeks ago. I am considering retiring from the Texas Veterans Commission on April 30, 2018, my 72nd birthday. At that time, I should have met the Rule of 80 requirement for retirement. My prior inquiry was about my eligibility to purchase my military active duty time to qualify for an earlier retirement. I was initially told that I do qualify and that a purchase coupon would be mailed to me. Now that eligibility is in question, pending my submitting additional documentation. That additional documentation is enclosed.

Page 19 of the ERS Planning Your Retirement booklet, updated December 2016, under the paragraph headed Military service, it states in part "you must not be eligible for a military retirement based on 20 or more years of active military service". On the ERS website, the wording is something to the effect that a military retiree may not be receiving a "full military retirement". I did not serve on active duty for a minimum of 20 years of active duty to qualify for my military retirement. My military service consisted of about four years of active duty with broken periods of active duty, and additional qualifying Texas ARNG and USAR service. So, my roughly $1,000.00 per month of military retired pay is not, in my opinion, a full military retirement. Had I served on active duty for a minimum of 20 years, based upon my time in service and my time in grade, my military retired pay would have been in the neighborhood of $3,000.00 per month.

I feel that the "regulations" as cited do qualify me for purchasing my military service for credit for State of Texas retirement. If possible, would you send me the citation in the Texas statutes that addresses this entitlement? I cannot seem to find that legal citation on-line.

Thank you for your consideration.

Ben M Rosario,  ███████  dob 04/30/1946

THIS IS AN IMPORTANT RECORD
SAFEGUARD IT

| | |
|---|---|
| PERSONAL DATA | 1. LAST NAME-FIRST NAME-MIDDLE NAME — ROSARIO, BENJAMIN MICHAEL |

2. SERVICE NUMBER — Ref item 3

3. SOCIAL SECURITY NUMBER

4. DEPARTMENT, COMPONENT AND BRANCH OR CLASS — ARMY · AUS · TAGUS

5a. GRADE, RATE OR RANK — PVT
5b. PAY GRADE — E1
6. DATE OF RANK — 27 Jun 70

7. U.S. CITIZEN — YES
8. PLACE OF BIRTH — Anschburg, Germany
9. DATE OF BIRTH — 30 Apr 46

10a. SELECTIVE SERVICE NUMBER — 11 99 46 227
10b. LOCAL BOARD — LB 99 Kewanee, Illinois
DATE INDUCTED — 27 Jun 70

11a. TYPE OF TRANSFER OR DISCHARGE — DISCHARGE
11b. STATION — Fort Polk, Louisiana
11c. REASON AND AUTHORITY — AR 635-200  SPN 177  To Immediate Reenlist
EFFECTIVE DATE — 24 Mar 70

12a. LAST DUTY ASSIGNMENT — Co D 34 Bn 1st Bde USATC Inf (MINMAA-Co), Ft Polk, La, 4th US Army
12b. CHARACTER OF SERVICE — HONORABLE
13. TYPE OF CERTIFICATE — DD Form 256A

14. REENLISTMENT CODE — RE-1

16. TERMINAL DATE OF RESERVE/UMT&S OBLIGATION — NA
17. CURRENT ACTIVE SERVICE OTHER THAN BY INDUCTION — OTHER AUS
18. TERM OF SERVICE — 2
DATE OF ENTRY — 27 Jun 70

18. PRIOR REGULAR ENLISTMENTS — None (0)
19. GRADE AT TIME — PVT
20. PLACE OF ENTRY — AFEES, Kewanee, Texas

21. HOME OF RECORD — 2018 West Tenth, Kennewick, Washington

23a. SPECIALTY NUMBER & TITLE — 09B00 Trainee
23b. DOT NUMBER — NA

22. STATEMENT OF SERVICE:

| | YEARS | MONTHS | DAYS |
|---|---|---|---|
| (1) NET SERVICE THIS PERIOD | 00 | 01 | 28 |
| (2) OTHER SERVICE | 00 | 00 | 00 |
| (3) TOTAL | 00 | 01 | 28 |
| b. TOTAL ACTIVE SERVICE | 00 | 01 | 28 |
| c. FOREIGN AND/OR SEA SERVICE | 00 | 00 | 00 |

24. DECORATIONS — NDSM

25. EDUCATION AND TRAINING COMPLETED — USAF / Bfds Bon Disch / AFP 21-114 / Code of Conduct

26a. NON-PAY PERIODS TIME LOST — None
27. INSURANCE IN FORCE — NO
28. AMOUNT OF ALLOTMENT — NA
29. SGLI COVERAGE — $10,000

28. VA CLAIM NUMBER — C- Unknown
26b. DAYS ACCRUED LEAVE PAID — Unknown

30. REMARKS — Clo Blk 16 years  Blood Group:  Enlisted:  No previous reenlistment bonus paid or received:

31. PERMANENT ADDRESS — Same as 21

33. TYPED NAME OF AUTHORIZING OFFICER — TOMMY A. CLARK, CPT, AGC, Post Reenlistment Officer

DD FORM 214  1 JUL 66

ARMED FORCES OF THE UNITED STATES
REPORT OF TRANSFER OR DISCHARGE

3

THIS IS AN IMPORTANT RECORD
SAFEGUARD IT

| | | | |
|---|---|---|---|
| **PERSONAL DATA** | 1 LAST NAME–FIRST NAME–MIDDLE NAME<br>ROSARIO, BENJAMIN MICHAEL | 2 SERVICE NUMBER | 3 SOCIAL SECURITY NUMBER |

| 4 DEPARTMENT, COMPONENT AND BRANCH OR CLASS | | 5a. GRADE, RATE OR RANK | 5b PAY GRADE | 6 DATE OF RANK | | |
|---|---|---|---|---|---|---|
| ARMY | RA   ARTY | SP5 | E-5 | DAY 8 | MONTH Oct | YEAR 71 |

| 7 U.S. CITIZEN | 8. PLACE OF BIRTH (City and State or Country) | 9 DATE OF BIRTH | | |
|---|---|---|---|---|
| ☒ YES   ☐ NO | Augsburg, Germany | DAY 30 | MONTH Apr | YEAR 46 |

**SELECTIVE SERVICE DATA**

| 10a. SELECTIVE SERVICE NUMBER | b. SELECTIVE SERVICE LOCAL BOARD NUMBER, CITY, COUNTY, STATE AND ZIP CODE | c. DATE INDUCTED | | |
|---|---|---|---|---|
| 11  99  46  227 | LB # 99 Evanston, IL 60200 | DAY | MONTH | YEAR NA |

**TRANSFER OR DISCHARGE DATA**

| 11a. TYPE OF TRANSFER OR DISCHARGE | b. STATION OR INSTALLATION AT WHICH EFFECTED | | |
|---|---|---|---|
| Transferred to USAR (See 16) | Fort Hood, Texas | | |

| c. REASON AND AUTHORITY | | d. EFFECTIVE DATE | | |
|---|---|---|---|---|
| Para 5-3 AR 635-200 & DA Msg DAPE-MPP<br>121008Z Oct 71 SPN 21L (See 30) | | DAY 29 | MONTH Nov | YEAR 71 |

| 12 LAST DUTY ASSIGNMENT AND MAJOR COMMAND | 13a. CHARACTER OF SERVICE | 13b. TYPE OF CERTIFICATE ISSUED |
|---|---|---|
| Btry C 1st Bn 3d Arty 2d Armd Div<br>Fort Hood, Texas   FIFTH US ARMY | HONORABLE | None |

| 14. DISTRICT, AREA COMMAND OR CORPS TO WHICH RESERVIST TRANSFERRED | 15. REENLISTMENT CODE |
|---|---|
| USAR Control Group (AnlIng) USARCPAC St Louis, MO 63132 | RE-1B |

**SERVICE DATA**

| 16. TERMINAL DATE OF RESERVE/<br>UMT&S OBLIGATION | | | 17 CURRENT ACTIVE SERVICE OTHER THAN BY INDUCTION | b. TERM OF SERVICE (Years) | c. DATE OF ENTRY | | |
|---|---|---|---|---|---|---|---|
| DAY 26 | MONTH Jan | YEAR 76 | a. SOURCE OF ENTRY<br>☐ ENLISTED (First Enlistment)  ☒ ENLISTED (Prior Service)  ☐ REENLISTED  ☐ OTHER | 3 | DAY 25 | MONTH Mar | YEAR 70 |

| 18. PRIOR REGULAR ENLISTMENTS | 19 GRADE, RATE OR RANK AT TIME OF ENTRY INTO CURRENT ACTIVE SVC | 20. PLACE OF ENTRY INTO CURRENT ACTIVE SERVICE (City and State) |
|---|---|---|
| None | PV1 | Fort Polk, Louisiana |

| 21 HOME OF RECORD AT TIME OF ENTRY INTO ACTIVE SERVICE (Street, RFD, City, County, State and ZIP Code) | 22. STATEMENT OF SERVICE | YEARS | MONTHS | DAYS |
|---|---|---|---|---|
| 2018 West Tenth<br>Kennewick (Benton) WA 99336 | CREDITABLE FOR BASIC PAY PURPOSES (1) NET SERVICE THIS PERIOD | 1 | 8 | 5 |
| | (2) OTHER SERVICE | 0 | 1 | 28 |
| 23a. SPECIALTY NUMBER & TITLE   b. RELATED CIVILIAN OCCUPATION AND D.O.T. NUMBER | (3) TOTAL (Line (1) plus Line (2)) | 1 | 10 | 3 |
| 13E20 FA Opns & | 017.281 Draftsman, | b. TOTAL ACTIVE SERVICE | 1 | 10 | 3 |
| Intel Asst (See30) | Map | c. FOREIGN AND/OR SEA SERVICE | 0 | 0 | 0 |

| 24. DECORATIONS, MEDALS, BADGES, COMMENDATIONS, CITATIONS AND CAMPAIGN RIBBONS AWARDED OR AUTHORIZED |
|---|
| Sharpshooter (Rifle M-16); Sharpshooter (Pistol) |

| 25. EDUCATION AND TRAINING COMPLETED |
|---|
| None |

**VA AND EMP. SERVICE DATA**

| 26a. NON-PAY PERIODS TIME LOST (Preceding Two Years) | b. DAYS ACCRUED LEAVE PAID | 27a. INSURANCE IN FORCE (NSLI or USGLI) | b. AMOUNT OF ALLOTMENT | c. MONTH ALLOTMENT DISCONTINUED |
|---|---|---|---|---|
| None | 19 | ☐ YES  ☒ NO | NA | NA |

| 28. VA CLAIM NUMBER | 29. SERVICEMEN'S GROUP LIFE INSURANCE COVERAGE | | | |
|---|---|---|---|---|
| c. NA | ☒ $15,000  ☐ $10,000  ☐ $5,000  ☐ NONE | | | |

**REMARKS**

| 30. REMARKS   4 Years College |
|---|
| Blood Group:  "O Pos"<br>Item 11c:  Separation for other good and sufficient reason when determined by<br>secretarial authority plus OCS Voluntary Drop<br>Item 23a:  3 Jul 70; PMOS Eval Score: None |

**AUTHENTICATION**

| 31. PERMANENT ADDRESS FOR MAILING PURPOSES AFTER TRANSFER OR DISCHARGE (Street, RFD, City, County, State and ZIP Code) | 32. SIGNATURE OF PERSON BEING TRANSFERRED OR DISCHARGED |
|---|---|
| 2018 West Tenth Street<br>Kennewick (Benton) WA 99336 | *[signature]* |

| 33. TYPED NAME, GRADE AND TITLE OF AUTHORIZING OFFICER | 34. SIGNATURE OF OFFICER AUTHORIZED TO SIGN |
|---|---|
| MARY M. PURCELL, MAJ, WAC, Act Asst AG | *[signature]* |

| DD FORM 214<br>1 JUL 70 | PREVIOUS EDITION OF THIS FORM IS TO BE USED. | ARMED FORCES OF THE UNITED STATES<br>REPORT OF TRANSFER OR DISCHARGE | 2 |
|---|---|---|---|

CAUTION: NOT TO BE USED FOR
IDENTIFICATION PURPOSES

THIS IS AN IMPORTANT RECORD.
SAFEGUARD IT.

ANY ALTERATIONS IN SHADED
AREAS RENDER FORM VOID

# CERTIFICATE OF RELEASE OR DISCHARGE FROM ACTIVE DUTY

| 1. NAME (Last, First, Middle) | 2. DEPARTMENT, COMPONENT AND BRANCH | 3. SOCIAL SECURITY NO. |
|---|---|---|
| ROSARIO, BENJAMIN MICHAEL | ARMY/USAR | |

| 4.a GRADE, RATE, OR RANK | 4.b PAY GRADE | 5. DATE OF BIRTH (YYYYMMDD) | 6. RESERVE OBLIG. TERM. DATE |
|---|---|---|---|
| MSG | E8 | 19460430 | Year 0000 Month 00 Day 00 |

| 7.a PLACE OF ENTRY INTO ACTIVE DUTY | 7.b HOME OF RECORD AT TIME OF ENTRY (City and state, or complete address if known) |
|---|---|
| MISSOURI CITY, TX | MISSOURI CITY, TX  77459 |

| 8.a LAST DUTY ASSIGNMENT AND MAJOR COMMAND | 8.b STATION WHERE SEPARATED |
|---|---|
| 75 DT TM 1 BDE BPG BCST FC | FORT SAM HOUSTON, TX  78234-5028 |

| 9. COMMAND TO WHICH TRANSFERRED | 10. SGLI COVERAGE | None |
|---|---|---|
| 75TH DIV 1ST BDE BPG HOUSTON TX 77054 | Amount: $ 200,000.00 | |

| 11. PRIMARY SPECIALTY (List number, title and years and months in specialty. List additional specialty numbers and titles involving periods of one or more years.) | 12. RECORD OF SERVICE | Year(s) | Month(s) | Day(s) |
|---|---|---|---|---|
| 31U5M SIG SPT SYS SPEC--7 YRS-5 MOS//13Z5M FA SR SGT--18 YRS-4 MOS//NOTHING FOLLOWS | a. Date entered AD This Period | 2003 | 01 | 27 |
| | b. Separation Date This Period | 2003 | 08 | 30 |
| | c. Net Active Service This Period | 0000 | 07 | 04 |
| | d. Total Prior Active Service | 0001 | 10 | 03 |
| | e. Total Prior Inactive Service | 0023 | 08 | 13 |
| | f. Foreign Service | 0000 | 00 | 00 |
| | g. Sea Service | 0000 | 00 | 00 |
| | h. Effective Date of Pay Grade | 1999 | 04 | 01 |

**13. DECORATIONS, MEDALS, BADGES, CITATIONS AND CAMPAIGN RIBBONS AWARDED OR AUTHORIZED (All periods of service)**
ARMY COMMENDATION MEDAL (3RD AWARD)//ARMY ACHIEVEMENT MEDAL (2ND AWARD)//ARMY RESERVE COMPONENTS ACHIEVEMENT MEDAL (4TH AWARD)//NATIONAL DEFENSE SERVICE MEDAL (2ND AWARD)//ARMED FORCES RESERVE MEDAL (MOBILIZATION)//ARMED FORCES RESERVE MEDAL//NONCOMMISSIONED OFFICER'S PROFESSIONAL DEVELOPMENT RIBBON WITH NUMERAL 3//ARMY SERVICE RIBBON//NOTHING FOLLOWS

**14. MILITARY EDUCATION (Course title, number of weeks and month and year completed)**
NONE//NOTHING FOLLOWS

| 15.a MEMBER CONTRIBUTED TO POST-VIETNAM ERA VETERAN'S EDUCATIONAL ASSISTANCE PROGRAM | Yes | No X | 15.b HIGH SCHOOL GRADUATE OR EQUIVALENT | Yes X | No | 16. DAYS ACCRUED LEAVE PAID NONE |
|---|---|---|---|---|---|---|

| 17. MEMBER WAS PROVIDED A COMPLETE DENTAL EXAM AND ALL APPROPRIATE DENTAL SERVICES AND TREATMENT WITHIN 90 DAYS PRIOR TO SEPARATION | Yes | X No |
|---|---|---|

**18. REMARKS**
DATA HEREIN SUBJECT TO COMPUTER MATCHING WITHIN DOD OR WITH OTHER AGENCIES FOR VERIFICATION PURPOSES AND DETERMINING ELIGIBILITY OR COMPLIANCE FOR FEDERAL BENEFITS//DD FORM 215 WILL BE ISSUED TO PROVIDE MISSING INFORMATION//ITEM 12D ABOVE DOES NOT ACCOUNT FOR ANNUAL AND/OR WEEKEND TRAINING THIS SOLDIER MAY HAVE ACCOMPLISHED PRIOR TO DATE ENTERED IN ITEM 12A //INDIVIDUAL COMPLETED PERIOD FOR WHICH ORDERED TO ACTIVE DUTY FOR PURPOSE OF POST SERVICE BENEFITS AND ENTITLEMENTS//ORDERED TO ACTIVE DUTY IN SUPPORT OF OPERATION ENDURING FREEDOM IAW 10 USC 12302//NOTHING FOLLOWS

| 19.a MAILING ADDRESS AFTER SEPARATION (Include Zip Code) | 19.b NEAREST RELATIVE (Name and address - Include Zip Code) BENJAMIN ROSARIO |
|---|---|
| 2411 CREEK MEADOWS DR | 7900 N STADIUM DRIVE G91 |
| MISSOURI CITY, TX 77459 | HOUSTON, TX  77036 |

| 20. MEMBER REQUESTS COPY 6 BE SENT TO TX  DIR OF VET AFFAIRS | X Yes | No | 22. OFFICIAL AUTHORIZED TO SIGN (Typed name, grade, title and signature) |
|---|---|---|---|
| 21. SIGNATURE OF MEMBER BEING SEPARATED | | | C E THOMAS, GS10, CHIEF, TRANS SERVICES |

| SPECIAL ADDITIONAL INFORMATION (For use by authorized agencies only) |
|---|

| 23. TYPE OF SEPARATION | 24. CHARACTER OF SERVICE (Include upgrades) |
|---|---|
| RELEASE FROM ACTIVE DUTY | HONORABLE |

| 25. SEPARATION AUTHORITY | 26. SEPARATION CODE | 27. REENTRY CODE |
|---|---|---|
| AR 635-200, CHAP 4 | LBK | NA |

| 28. NARRATIVE REASON FOR SEPARATION |
|---|
| COMPLETION OF REQUIRED ACTIVE SERVICE |

| 29. DATES OF TIME LOST DURING THIS PERIOD NONE | 30. MEMBER REQUESTS COPY 4 Initials |
|---|---|

DD Form 214-AUTOMATED, NOV 88    *Previous editions are obsolete.*    MEMBER - 4

CAUTION: NOT TO BE USED FOR
IDENTIFICATION PURPOSES

THIS IS AN IMPORTANT RECORD.
SAFEGUARD IT.

ANY ALTERATIONS IN SHADED AREAS
RENDER FORM VOID

## CERTIFICATE OF RELEASE OR DISCHARGE FROM ACTIVE DUTY

| 1. NAME (Last, First, Middle) | 2. DEPARTMENT, COMPONENT AND BRANCH | 3. SOCIAL SECURITY NUMBER |
|---|---|---|
| ROSARIO, BENJAMIN MICHAEL | ARMY/USAR | |

| 4a. GRADE, RATE OR RANK | b. PAY GRADE | 5. DATE OF BIRTH (YYYYMMDD) | 6. RESERVE OBLIGATION TERMINATION DATE (YYYYMMDD) |
|---|---|---|---|
| MSG | E08 | 19460430 | 00000000 |

| 7a. PLACE OF ENTRY INTO ACTIVE DUTY | b. HOME OF RECORD AT TIME OF ENTRY (City and state, or complete address if known) |
|---|---|
| MONTGOMERY, TEXAS | 206 SPRINGS EDGE DR<br>MONTGOMERY TEXAS 77356 |

| 8a. LAST DUTY ASSIGNMENT AND MAJOR COMMAND | b. STATION WHERE SEPARATED |
|---|---|
| 010075 DT TM DET 13 FC | FORT SAM HOUSTON, TX 78234-5028 |

| 9. COMMAND TO WHICH TRANSFERRED | 10. SGLI COVERAGE | NONE |
|---|---|---|
| 75TH NORTH DIV 1 BDE DET 13 HOUSTON TX 77054 | AMOUNT: $ 400,000.00 | |

| 11. PRIMARY SPECIALTY (List number, title and years and months in specialty. List additional specialty numbers and titles involving periods of one or more years.) | 12. RECORD OF SERVICE | YEAR(S) | MONTH(S) | DAY(S) |
|---|---|---|---|---|
| 25U50 SIG SUPT SYS SPEC - 10 YRS 11 MOS//<br>13Z50 FA SR SGT - 35 YRS 8 MOS//NOTHING<br>FOLLOWS | a. DATE ENTERED AD THIS PERIOD | 2005 | 07 | 22 |
| | b. SEPARATION DATE THIS PERIOD | 2006 | 03 | 30 |
| | c. NET ACTIVE SERVICE THIS PERIOD | 0000 | 08 | 09 |
| | d. TOTAL PRIOR ACTIVE SERVICE | 0002 | 05 | 07 |
| | e. TOTAL PRIOR INACTIVE SERVICE | 0025 | 07 | 04 |
| | f. FOREIGN SERVICE | 0000 | 00 | 00 |
| | g. SEA SERVICE | 0000 | 00 | 00 |
| | h. EFFECTIVE DATE OF PAY GRADE | 1999 | 04 | 01 |

| 13. DECORATIONS, MEDALS, BADGES, CITATIONS AND CAMPAIGN RIBBONS AWARDED OR AUTHORIZED (All periods of service) | 14. MILITARY EDUCATION (Course title, number of weeks, and month and year completed) |
|---|---|
| MERITORIOUS SERVICE MEDAL//ARMY COMMENDATION MEDAL (3RD AWARD)//ARMY ACHIEVEMENT MEDAL (2ND AWARD)//ARMY RESERVE COMPONENTS ACHIEVEMENT MEDAL (4TH AWARD)//NATIONAL DEFENSE SERVICE MEDAL (2ND AWARD)//GLOBAL WAR ON TERRORISM SERVICE MEDAL//ARMED FORCES RESERVE MEDAL (2ND AWARD)//NON//CONT IN BLOCK 18 | NONE//NOTHING FOLLOWS |

| 15a. MEMBER CONTRIBUTED TO POST-VIETNAM ERA VETERANS' EDUCATIONAL ASSISTANCE PROGRAM | | YES | | NO | X |
|---|---|---|---|---|---|
| b. HIGH SCHOOL GRADUATE OR EQUIVALENT | | X | YES | | NO |

| 16. DAYS ACCRUED LEAVE PAID 0 | 17. MEMBER WAS PROVIDED COMPLETE DENTAL EXAMINATION AND ALL APPROPRIATE DENTAL SERVICES AND TREATMENT WITHIN 90 DAYS PRIOR TO SEPARATION | YES | NO X |
|---|---|---|---|

**18. REMARKS**
ITEM 12D ABOVE DOES NOT ACCOUNT FOR ANNUAL AND/OR WEEKEND TRAINING THIS SOLDIER MAY HAVE ACCOMPLISHED PRIOR TO DATE ENTERED IN ITEM 12A//INDIVIDUAL COMPLETED PERIOD FOR WHICH ORDERED TO ACTIVE DUTY FOR PURPOSE OF POST SERVICE BENEFITS AND ENTITLEMENTS//ORDERED TO ACTIVE DUTY IN SUPPORT OF OPERATION ENDURING FREEDOM IAW 10 USC 12302//CONT FROM BLOCK 13: COMMISSIONED OFFICER PROFESSIONAL DEVELOPMENT RIBBON (3RD AWARD)//ARMY SERVICE RIBBON//ARMED FORCES RESERVE MEDAL W/ M DEVICE (2ND AWARD)//NOTHING FOLLOWS

The information contained herein is subject to computer matching within the Department of Defense or with any other affected Federal or non-Federal agency for verification purposes and to determine eligibility for, and/or continued compliance with, the requirements of a Federal benefit program.

| 19a. MAILING ADDRESS AFTER SEPARATION (Include ZIP Code) | b. NEAREST RELATIVE (Name and address – include ZIP Code) |
|---|---|
| 206 SPRINGS EDGE DR<br>MONTGOMERY TEXAS 77356 | BENJAMIN ROSARIO<br>7900 N STADIUM DRIVE # G-91<br>HOUSTON TEXAS 77036 |

| 20. MEMBER REQUESTS COPY 6 BE SENT TO | TX | DIRECTOR OF VETERANS AFFAIRS | X | YES | NO |
|---|---|---|---|---|---|

| 21. SIGNATURE OF MEMBER BEING SEPARATED | 22. OFFICIAL AUTHORIZED TO SIGN (Typed name, grade, title and signature) |
|---|---|
| | EARNEST C BRIDGES, CHIEF   HRA |

### SPECIAL ADDITIONAL INFORMATION (For use by authorized agencies only)

| 23. TYPE OF SEPARATION | 24. CHARACTER OF SERVICE (Include upgrades) |
|---|---|
| RELEASE FROM ACTIVE DUTY | HONORABLE |

| 25. SEPARATION AUTHORITY | 26. SEPARATION CODE | 27. REENTRY CODE |
|---|---|---|
| AR 635-200,CHAP 4 | LBK | NA |

| 28. NARRATIVE REASON FOR SEPARATION |
|---|
| COMPLETION OF REQUIRED ACTIVE SERVICE |

| 29. DATES OF TIME LOST DURING THIS PERIOD (YYYYMMDD) | 30. MEMBER REQUESTS COPY 4 (Initials) |
|---|---|
| NONE | |

**DD FORM 214-AUTOMATED, FEB 2000**    PREVIOUS EDITION IS OBSOLETE.
GENERATED BY TRANSPROC    **MEMBER - 4**

DEPARTMENT OF THE ARMY
HEADQUARTERS, U.S. Army Reserve Command
1401 Deshler Street SW
Fort McPherson, Georgia  30330-2000

FILE COPY

ORDERS 06-060-00007                                          1 March 2006

ROSARIO BENJAMIN MICHAEL                    ███████  MSG
206 SPRINGS EDGE DR                    75 NO DIV    1 BDE DET 13   (WZLFYD)
MONTGOMERY, TX 77356-9050              HOUSTON, TX 77054-2025

You are reassigned in the Reserve Components as shown below.

Released from: Current Assignment
Reason: MAXIMUM AGE
Assigned to: THE RETIRED RESERVE, AR-PERSCOM, 1 RESERVE WAY, ST. LOUIS,
             MO 63132-5200
Effective date: 29 April 2006
Additional Instructions: (a) Your Servicemen's Group Life Insurance (SGLI)
terminates 120 days after the effective date of this order.  (b) To obtain
further information, address correspondence to Cdr, AR-PERSCOM, Attn: ARPC-
ALQ, 1Reserve Way, St. Louis, MO 63132-5200, or call 1-800-318-5298.  Any
future address changes should be reported to the above office. (c) You must
turn-in any equipment issued to you or a Statement of Charges/Report of
Survey will be initiated as appropriate.

FOR ARMY USE:
Authority: AR 140-10
Mgt desig: 25U5M
Basic branch: NA
Control branch: NA
Control specialty: NA
Project specialty: NA
Format: 450

FOR THE COMMANDER:

                          ************
                          *  AGENCY  *
                          * OFFICIAL *
                          ************
                          SHERRIE A. GLASS
                          Assistant Adjutant

DISTRIBUTION:
Record set (1)
Reference set (1)
MPRJ (1)
Cdr, USARC, ATTN: AFRC-PRP-E (1)
HRC-St. Louis, ATTN: HRCS-CIS-PP (1)
Cdr,  75th Division  (1)
Cdr, Det 13, 1st Bde, 75th Division  (1)
MSG ROSARIO BENJAMIN MICHAEL (3)

DEPARTMENT OF THE ARMY
HEADQUARTERS, 75TH DIVISION (TRAINING SUPPORT)
1850 OLD SPANISH TRAIL
HOUSTON, TEXAS 77054-2025

ORDERS 06-082-00005                                    23 March 2006

ROSARIO BENJAMIN MICHAEL          ███████████  MSG
206 SPRINGS EDGE DR               0075 NO DIV    1 BDE DET 13   (WZLFYD)
MONTGOMERY, TX 77356-9050         HOUSTON, TX 77054-2025

Following order is revoked or rescinded as shown.

Action: Revoke
So much of: ORDERS 06-074-00009, HEADQUARTERS, 75TH DIVISION (TRAINING
SUPPORT), 15 March 2006
Pertaining To: Reassignment of ROSARIO BENJAMIN MICHAEL, ███████████, MSG,
0075 NO DIV    1 BDE DET 13 (WZLFYD), HOUSTON, TX 77054-2025
Authority: NA
Format: 705

FOR THE COMMANDER:

                              ************
                              *  AGENCY  *
                              * OFFICIAL *
                              ************
                              JAMES M. DOBBINS
                              COL, GS, USAR
                              ASSISTANT CHIEF OF STAFF, G1

DISTRIBUTION:
Record set (1)
Reference set (1)
MPRJ (1)
Cdr, USARC, ATTN: AFRC-PRP-E (1)
HRC-St. Louis, ATTN: HRCS-CIS-PP (1)
HRC-St. Louis, ATTN: HRCS-SFZ (TAMP) (1)
Cdr, 0075 NO DIV    1 BDE DET 13 (1)
Cdr,  (1)
MSG ROSARIO BENJAMIN MICHAEL (3)

DEPARTMENT OF THE ARMY
HEADQUARTERS, 75TH DIVISION (TRAINING SUPPORT)
1850 OLD SPANISH TRAIL
HOUSTON, TEXAS  77054-2025

ORDERS 06-074-00009                                    15 March 2006

ROSARIO BENJAMIN MICHAEL                  ██████████   MSG
206 SPRINGS EDGE DR                       0075 NO DIV   1 BDE DET 13   (WZLFYD)
MONTGOMERY, TX 77356-9050                 HOUSTON, TX 77054-2025

You are reassigned in the Reserve Components as shown below.

Released from: Current Assignment
Reason: COMPL OF 20 OR MORE YRS OF QUAL SVC FOR RET PAY AT AGE 60
Assigned to: THE RETIRED RESERVE, AR-PERSCOM, 1 RESERVE WAY, ST. LOUIS,
            MO 63132-5200
Effective date: 15 April 2006
Additional Instructions: (a) Your Servicemen's Group Life Insurance (SGLI)
terminates 120 days after the effective date of this order.  (b) To obtain
further information, address correspondence to Cdr, AR-PERSCOM, Attn: ARPC-
ALQ, 1Reserve Way, St. Louis, MO 63132-5200, or call 1-800-318-5298.  Any
future address changes should be reported to the above office.  (c) You must
turn-in any equipment issued to you or a Statement of Charges/Report of
Survey will be initiated as appropriate.

FOR ARMY USE:
Authority: AR 140-10
Mgt desig: 25U5M
Basic branch: NA
Control branch: NA
Control specialty: NA
Project specialty: NA
Format: 450

FOR THE COMMANDER:

                              ************
                              * AGENCY  *
                              * OFFICIAL *
                              ************
                              JAMES M. DOBBINS
                              COL, GS, USAR
                              ASSISTANT CHIEF OF STAFF, G1

DISTRIBUTION:
Record set (1)
Reference set (1)
MPRJ (1)
Cdr, USARC, ATTN: AFRC-PRP-E (1)
HRC-St. Louis, ATTN: HRCS-CIS-PP (1)
HRC-St. Louis, ATTN: HRCS-SFZ (TAMP) (1)
Cdr, 0075 NO DIV    1 BDE DET 13 (1)
Cdr,    (1)
MSG ROSARIO BENJAMIN MICHAEL (3)



**DEPARTMENT OF THE ARMY**
1ST BRIGADE, 75TH DIVISION (TRAINING SUPPORT)
1850 OLD SPANISH TRAIL
HOUSTON, TEXAS 77054-2025

REPLY TO
ATTENTION OF

AFKR-TTX-AD-CG                                                    7 March 2006

MEMORANDUM FOR Commander, 75th Division (TS), ATTN: ACoS G1, 1850 Old Spanish
Trail, Houston, TX 77054-2025

SUBJECT: Transfer to Retired Reserve, MSG Rosario, Benjamin (▮▮▮▮▮▮)

1. Recommend approval/disapproval to the attached request from the above Soldier.

2. Point of contact this headquarters is the LTC Reval, 713-799-7962.

FOR THE COMMANDER:

SCOTT A. REVAL
LTC, GS
Chief of Staff

| REQUEST FOR RESERVE COMPONENT ASSIGNMENT OR ATTACHMENT | DATE |
|---|---|
| For use of this form, see AR 140-10; the proponent agency is RCPAC. | 19 January 2006 |

| 1. TO: | 2. FROM: |
|---|---|
| COMMANDER<br>75TH DIVISION (TS)<br>1850 OLD SPANISH TRAIL<br>HOUSTON, TX  77054 | COMMANDER<br>BPG, 1ST BDE, 75TH DIV (TS)<br>1850 OLD SPANISH TRAIL<br>HOUSTON, TX  77054 |

### PRIVACY ACT STATEMENT

Authority for collecting personal information and social security number is 10 U.S.C. 3012.  Disclosure by member is mandatory.
Principal purpose is to transfer Reservist between units.  Routine uses:  To document transfer and attachment actions.
The SSN is used for maintenance of records and compiling statistics.

| 3. NAME AND CURRENT ADDRESS | a. SSN |
|---|---|
| ROSARIO, BENJAMIN MICHAEL<br>206 SPRINGS EDGE DRIVE<br>MONTGOMERY, TX 77356-9050 | ■■■■ |

| b. HOME TELEPHONE NUMBER *(Area Code)* |
|---|
| 936-588-7664 |

| c. OFFICE TELEPHONE NUMBER *(Area Code)* |
|---|
| 713-794-2626 |

| d. GRADE | e. DOR | f. BRANCH | g. SSI/PMOS | h. PEBD |
|---|---|---|---|---|
| E-8 | 19990401 | | 25U | 19770503 |

| i. RYE | j. ETS | k. SEX | l. HEIGHT & WEIGHT | m. DOB |
|---|---|---|---|---|
| 20060503 | 20060503 | M | 65/170 | 19460430 |

| n. TYPED NAME, GRADE AND SIGNATURE OF RESERVIST | DATE |
|---|---|
| BENJAMIN MICHAEL ROSARIO, MSG *[signature]* | 19 January 2006 |

| 4. ACTION |
|---|
| ☒ a. VOL ASGMT        ☐ b. ATTACHMENT |
| ☐ c. RELIEVED FROM ATTACHMENT |

| d. EFFECTIVE DATE | e. AUTHORITY AND REASON FOR TRANSFER<br>AR 140-10  RETIREMENT |
|---|---|

| 5. REQUEST ASSIGNMENT / ATTACHMENT / TRANSFER TO:    UIC  WONJAA | a. AUTOVON NUMBER |
|---|---|
| HUMAN RESOURCES COMMAND<br>RETIRED RESERVE<br>1 RESERVE WAY<br>ST LOUIS, MO  63132-5200 | b. INPUT STATION NUMBER |
| | c. UNIT PAYROLL NUMBER |

| d. TOE / TD | e. PARA | f. LINE | g. POSITION TITLE | h. DUTY MOS | i. GRADE AUTHORIZED |
|---|---|---|---|---|---|

| j. TYPED NAME, GRADE, TITLE AND SIGNATURE OF GAINING UNIT CDR | DATE |
|---|---|

| 6. UNIT RELIEVED FROM ASSIGNMENT / ATTACHMENT    UIC ~~walfyd~~ W8EW02 | a. AUTOVON NUMBER<br>713-794-2610 |
|---|---|
| BPG, 1ST BDE, 75TH DIV (TS)<br>1850 OLD SPANISH TRAIL<br>HOUSTON, TX  77054 | b. INPUT STATION NUMBER |
| | c. UNIT PAYROLL NUMBER |

| d. TYPED NAME, GRADE, SIGNATURE OF LOSING UNIT COMMANDER | DATE |
|---|---|
| RALPH E. STEINER, COL, EN, COMMANDING *[signature]* | 19 Jan 06 |

| 7. INCLOSURES |
|---|
| ☐ a. ORDER          ☐ c. DD FORM 214          ☐ e. OTHER |
| ☐ b. DD FORM 4      ☐ d. MPRJ |

| 8. REMARKS |
|---|
| Request 4 May 2006 as effective retirement date. |

DA FORM 4651-R, SEP 81

USAPPC V1.10





**DEPARTMENT OF THE ARMY**
U.S. ARMY RESERVE PERSONNEL COMMAND
1 RESERVE WAY
ST. LOUIS, MISSOURI 63132-5200

REPLY TO
ATTENTION OF

ARPC-PSP-T

14 AUGUST 2002

MEMORANDUM FOR



1SG BENJAMIN MICHAEL ROSARIO
2411 CREEK MEADOWS DR
MISSOURI CITY    TX  774592631

SUBJECT: Notification of Eligibility for Retired Pay at Age 60 (Twenty Year Letter)

1. You have completed the required years of qualifying reserve service and are eligible for retired pay on application at age 60 in accordance with Title 10, U.S. Code, Chapter 1223. Your eligibility for retired pay may not be denied or revoked on the basis of any error, miscalculation, misinformation, or administrative determination of years of creditable service performed unless it resulted directly from fraud or misrepresentation on your part. However, the number of years of creditable service in which retired pay is computed may be adjusted to correct any error, miscalculation, misinformation, or administrative determination. When such correction is made you will be eligible for retired pay according to the number of years of creditable service, as corrected, from the date retired pay is granted.

2. You will not be entitled to retired pay under Title 10, U.S. Code, Section 12731 if you are now or later become entitled to retired pay from an armed force under any other provision of law or to retainer pay as a member of the Fleet Reserve or Fleet Marine Corps Reserve.

3. If you are in an active status, you are reminded that since you have completed 20 years of qualifying service you must earn a minimum of 50 points each retirement year to retain active status. This requirement may be waived for valid reasons, such as personal hardship. Contact your Personnel Manager for questions concerning participation.

4. Public Law 95-397, 30 Sep 1978, created the Reserve Component Survivor Benefit Plan (RCSBP), in which you are entitled to participate. RCSBP is your sole means of protecting your retired pay entitlement. NOTE: Public Law 106-398, 30 Oct 2000, requires that upon receipt of this Letter, a qualified Reserve Component member, who is married, will automatically be enrolled in the RCSBP under Option C, Spouse and Child(ren) coverage based on Full Retired Pay, UNLESS spouse concurrence is provided to allow one of the following elections:

    a. Option A (defer enrollment until age 60 when you apply for retired pay).
    b. Option B (enroll and pay an annuity when YOU would have been age 60):
        (1) Enroll spouse or spouse and child(ren) at LESS THAN the maximum level.
        (2) Enroll child(ren) only.
    c. Option C (enroll and pay an annuity immediately upon your death) but:
        (1) Enroll spouse or spouse and child(ren) at LESS THAN the maximum level.
        (2) Enroll children only.

ARPC FL 819, May 02 (Prior editions are obsolete.)

## DETAIL POINT I   TING FOR PREVIOUS RETIREMI   ` YEAR

### THIS IS A VALUABLE DOCUMENT - KEEP IN A SAFE PLACE

| NAME: | ROSARIO BENJAMIN MICHAEL | | | SSN: | |
|---|---|---|---|---|---|

| INACTIVE POINTS | ACTIVE POINTS |
|---|---|

| | | | | | | | |
|---|---|---|---|---|---|---|---|
| 20040710 | 20040710 | X | 002 | 20040608 | 20040611 | J | 004 |
| 20040613 | 20040613 | X | 002 | 20040518 | 20040523 | J | 006 |
| 20040612 | 20040612 | X | 002 | 20040427 | 20040502 | J | 006 |
| 20040516 | 20040516 | X | 002 | 20040330 | 20040404 | J | 006 |
| 20040515 | 20040515 | X | 002 | 20030816 | 20030830 | J | 015 |
| 20040425 | 20040425 | X | 002 | 20030801 | 20030815 | J | 015 |
| 20040424 | 20040424 | X | 002 | 20030716 | 20030731 | J | 016 |
| 20040314 | 20040314 | X | 002 | 20030701 | 20030715 | J | 015 |
| 20040313 | 20040313 | X | 002 | | | | |
| 20040229 | 20040229 | X | 002 | | | | |
| 20040228 | 20040228 | X | 002 | | | | |
| 20040125 | 20040125 | X | 002 | | | | |
| 20040124 | 20040124 | X | 002 | | | | |
| 20031207 | 20031207 | X | 002 | | | | |
| 20031206 | 20031206 | X | 002 | | | | |
| 20031109 | 20031109 | X | 002 | | | | |
| 20031108 | 20031108 | X | 002 | | | | |
| 20031026 | 20031026 | X | 002 | | | | |
| 20031025 | 20031025 | X | 002 | | | | |
| 20030914 | 20030914 | X | 002 | | | | |
| 20030913 | 20030913 | X | 002 | | | | |

### CODE DEFINITION

| | | | |
|---|---|---|---|
| A | Completion of Extension Course | C | Performance of Command Staff & Admin Duties |
| D | Presentation of Instructions | E | Preparation of Instruction |
| F | Performance of Recruiting Duty | G | Performance of Training |
| H | Performance of Medical Duties | J | Attendance on Active Duty, Active Duty for Training, or Annual Training |
| K | Performance of Active Duty | | |
| L | Correspondence Course Points | M | Performance of Inactive Duty Training (IDT) for Funeral Honors Duty |
| N | Performance of Active Duty for Funeral Honors Duty | X | Performance of Inactive Duty Training (IDT) |

Reverse of AHRC Form 249-2-E

| Date Rcd Chg | Grade | Current Assignment | Pay Entry Basic Date | Retirement Year Ending | Num Yrs Creditable for Reserve Retirement | Date 20 Yr Cert: | Date 15 Yr Cert: |
|---|---|---|---|---|---|---|---|
| 2005 08 10 | MSG | UNITED STATES ARMY RESERVE TROOP PROGRAM UNIT | 1977 07 11 | 07/10 | 23 | 2002 08 14 View 20 Year Letter | |

| Beginning Date YR MO DAY | Ending Date YR MO DAY | Military Personnel Class | Status Or Component | Inactive Duty Points | Extension Course Points | Member-ship Points | Active Duty Points | Qualifying For Retirement YRS MOS DAYS | Total Points Creditable |
|---|---|---|---|---|---|---|---|---|---|
| 2004 07 11 | 2005 07 10 | ENL | USAR | 042 | 000 | 15 | 0011 | 01 00 00 | 0068 |
| 2003 07 11 | 2004 07 10 | ENL | USAR | 042 | 000 | 15 | 0073 | 01 00 00 | 0130 |
| 2002 07 11 | 2003 07 10 | ENL | USAR | 028 | 000 | 15 | 0176 | 01 00 00 | 0219 |
| 2001 07 11 | 2002 07 10 | ENL | USAR | 048 | 000 | 15 | 0019 | 01 00 00 | 0082 |
| 2000 07 11 | 2001 07 10 | ENL | USAR | 044 | 000 | 15 | 0031 | 01 00 00 | 0090 |
| 1999 07 11 | 2000 07 10 | ENL | USAR | 056 | 000 | 15 | 0028 | 01 00 00 | 0099 |
| 1998 07 11 | 1999 07 10 | ENL | USAR | 048 | 000 | 15 | 0009 | 01 00 00 | 0072 |
| 1997 07 11 | 1998 07 10 | ENL | USAR | 044 | 000 | 15 | 0021 | 01 00 00 | 0080 |
| 1996 07 11 | 1997 07 10 | ENL | USAR | 032 | 000 | 15 | 0015 | 01 00 00 | 0062 |
| 1995 07 11 | 1996 07 10 | ENL | USAR | 032 | 000 | 15 | 0005 | 01 00 00 | 0052 |
| 1994 07 11 | 1995 07 10 | ENL | ARNG | 005 | 000 | 15 | 0000 | 00 00 00 | 0020 | — 21 |
| 1993 07 11 | 1994 07 10 | ENL | ARNG | 036 | 000 | 15 | 0017 | 01 00 00 | 0068 |
| 1992 07 11 | 1993 07 10 | ENL | ARNG | 048 | 000 | 15 | 0015 | 01 00 00 | 0075 |
| 1991 07 11 | 1992 07 10 | ENL | ARNG | 043 | 000 | 15 | 0015 | 01 00 00 | 0073 |
| 1990 07 11 | 1991 07 10 | ENL | ARNG | 049 | 000 | 15 | 0015 | 01 00 00 | 0075 |
| 1989 07 11 | 1990 07 10 | ENL | ARNG | 042 | 000 | 15 | 0000 | 01 00 00 | 0057 |
| 1988 07 11 | 1989 07 10 | ENL | ARNG | 043 | 000 | 15 | 0030 | 01 00 00 | 0088 |
| 1987 07 11 | 1988 07 10 | ENL | ARNG | 045 | 000 | 15 | 0003 | 01 00 00 | 0063 |
| 1986 07 11 | 1987 07 10 | ENL | ARNG | 067 | 000 | 15 | 0015 | 01 00 00 | 0075 |
| 1985 07 11 | 1986 07 10 | ENL | ARNG | 050 | 000 | 15 | 0018 | 01 00 00 | 0078 |
| 1984 07 11 | 1985 07 10 | ENL | ARNG | 065 | 000 | 15 | 0029 | 01 00 00 | 0089 |
| 1983 07 11 | 1984 07 10 | ENL | ARNG | 049 | 000 | 15 | 0019 | 01 00 00 | 0079 | ok — |
| 1977 01 27 | 1983 07 10 | ENL | BREAK | 000 | 000 | 00 | 0000 | 00 00 00 | 0000 | ! add 1+ |
| 1976 11 30 | 1977 01 26 | ENL | INACT | 000 | 000 | 00 | 0000 | 00 00 00 | 0000 | — yr IRR |
| 1975 01 27 | 1976 01 26 | ENL | ARNG | 000 | 000 | 15 | 0000 | 00 00 00 | 0015 |
| 1974 01 27 | 1975 01 26 | ENL | ARNG | 000 | 000 | 15 | 0000 | 00 00 00 | 0015 |
| 1973 01 27 | 1974 01 26 | ENL | ARNG | 000 | 000 | 15 | 0000 | 00 00 00 | 0015 |
| 1972 01 27 | 1973 01 26 | ENL | ARNG | 000 | 000 | 15 | 0000 | 00 00 00 | 0015 |
| 1971 01 27 | 1972 01 26 | ENL | ARNG | 000 | 000 | 15 | 0307 | 01 00 00 | 0322 |
| 1970 01 27 | 1971 01 26 | ENL | ARNG /RA | 000 | 000 | 15 | 0365 | 01 00 00 | 0365 |
| | | | | | | | Total: | 23 00 00 | 02541 |

Detail point information is available for the most recent retirement year, as shown on your summary record above, and the points that will be applied to your next retirement year. Due to the number of detail records stored for each soldier we have limited display to those in the most recent year.

| Inactive Points | | | | | Active Points | | | | |
|---|---|---|---|---|---|---|---|---|---|
| Beginning Date | Ending Date | Source | Points | Course | Beginning Date | Ending Date | Points Source | Points Creditable | Extension Course |
| 2005 07 17 | 2005 07 17 | X | 002 | | 2006 01 01 | 2006 01 15 | J | 015 | |
| 2005 07 16 | 2005 07 16 | X | 002 | | 2005 12 16 | 2005 12 31 | J | 016 | |
| 2005 06 12 | 2005 06 12 | X | 002 | | 2005 12 01 | 2005 12 15 | J | 015 | |
| 2005 05 11 | 2005 05 11 | X | 002 | | 2005 11 16 | 2005 11 30 | J | 015 | |
| 2005 04 10 | 2005 04 10 | X | 002 | | | | | | |

| | | | | | | | |
|---|---|---|---|---|---|---|---|
| 2005 04 09 | 2005 04 09 | X | 002 | 2005 11 01 | 2005 11 15 | J | 015 |
| 2005 03 13 | 2005 03 13 | X | 002 | 2005 10 16 | 2005 10 31 | J | 016 |
| 2005 03 12 | 2005 03 12 | X | 002 | 2005 10 01 | 2005 10 15 | J | 015 |
| 2005 02 13 | 2005 02 13 | X | 002 | 2005 09 16 | 2005 09 30 | J | 015 |
| 2005 02 12 | 2005 02 12 | X | 002 | 2005 09 01 | 2005 09 15 | J | 015 |
| 2005 01 23 | 2005 01 23 | X | 002 | 2005 08 16 | 2005 08 31 | J | 016 |
| 2005 01 22 | 2005 01 22 | X | 002 | 2005 08 01 | 2005 08 15 | J | 015 |
| 2004 12 05 | 2004 12 05 | X | 002 | 2005 07 22 | 2005 07 31 | J | 010 |
| 2004 12 04 | 2004 12 04 | X | 002 | 2005 07 19 | 2005 07 21 | J | 003 |
| 2004 11 21 | 2004 11 21 | X | 002 | 2005 06 25 | 2005 06 26 | J | 002 |
| 2004 11 20 | 2004 11 20 | X | 002 | 2005 05 18 | 2005 05 22 | J | 005 |
| 2004 10 17 | 2004 10 17 | X | 002 | 2005 04 29 | 2005 05 01 | J | 003 |
| 2004 10 16 | 2004 10 16 | X | 002 | 2004 12 06 | 2004 12 06 | J | 001 |
| 2004 09 12 | 2004 09 12 | X | 002 | | | | |
| 2004 09 11 | 2004 09 11 | X | 002 | | | | |
| 2004 08 15 | 2004 08 15 | X | 002 | | | | |
| 2004 08 14 | 2004 08 14 | X | 002 | | | | |
| 2004 07 11 | 2004 07 11 | X | 002 | | | | |

## CODE DEFINITION

A  Completion of Extension Course

B  Attendance at Annual Training

C  Performance of Command Staff & Admin Duties

D  Presentation of Instructions

E  Preparation of Instruction

F  Performance of Recruiting Duty

G  Performance of Training

H  Performance of Medical Duties

J  Attendance at Active Duty for Training

K  Performance of Active Duty

L  Correspondence Course Points

M  Performance of Inactive Duty Training (IDT) for Funeral Honors Duty

N  Performance of Active Duty Training for Funeral Honors Duty

X  Performance of Inactive Duty Training (IDT)



REPORT DATE: 2006/01/19

\*\*\* THIS REPORT MAY BE SUBJECT TO THE PRIVACY ACT OF 1974 (PL 93-579) \*\*\*

PCN: HOH-R07

REGIONAL LEVEL APPLICATION SOFTWARE (RLAS)
PERSONNEL QUALIFICATION RECORD
(ENLISTED)

Page 1 of 2

RCS: AG-883

TYPE RECORD: SPECIAL REQUEST

UIC: WZLFYD    MUSARC: 56 - 75TH MANEUVER AREA COMMAND

TCC: 5T74

UNIT: 0075 NO DIV 1 BDE DET 13
1850 OLD SPANISH TRAIL
HOUSTON, TX 77054-2025

## \*\* ------ SECTION I - PERSONAL DATA ------ \*\*

| # | Field | Value | # | Field | Value |
|---|-------|-------|---|-------|-------|
| 1. | NAME: | ROSARIO BENJAMIN MICHAEL | 8A. | SOLE PARENT INDICATOR: | N |
| 2. | SSN: | 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 | 9. | FAMILY CARE PLAN STATUS: | B - NO FAMILY CARE PLAN |
| 3. | VSSN: | A - SSN VERIFIED ON NAME, DATE OF BIRTH AND SEX | | FAMILY CARE STATUS DATE: | 1995/12/01 |
| 4. | DOB: | 1946/04/20 | 10. | RACE: | C - WHITE |
| 5. | SEX: | M - MALE | 11. | ETHNIC GROUP: | X - OTHER |
| 6. | MARITAL STATUS: | M - MARRIED | 12. | CITIZENSHIP: | C - DERIVATIVE-BIRTH |
| 7. | MIL SPOUSE / SSN: | N / 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 | | | |
| 8. | NUM DEPENDENTS: | 1 | | | |
| | | | 13. | REL DENOM: | 01 - NO RELIGIOUS PREFERENCE |
| | | | 14. | ADDR STREET: | 206 SPRINGS EDGE DR |
| | | | | CITY, STATE ZIP: | MONTGOMERY, TX 77356-9050 |
| | | | 15. | ADDR VAL CD/DATE: | 4 / 2005/10/16 |
| | | | 16. | CIVILIAN OCC CAT: | 243 - GOVERNMENT SERVICE CLERKS |

## \*\* ------ SECTION II - SERVICE DATA ------ \*\*

| # | Field | Value | # | Field | Value |
|---|-------|-------|---|-------|-------|
| 1. | MIL PER CLASS: | E - ENLISTED | 9. | EXPN STAT OBLG: | 1976/01/28 |
| 2. | GRADE / GR ARMD SVC: | MSG / | 10. | EXPN TPU SVC: | 2006/05/03 |
| 3. | DATE OF RANK: | 1999/04/01 | 11. | QUAL RETN STAT: | |
| 4. | TRNG PAY CAT: | A - SELECTED RESERVE INDIVIDUALS TRAINED IN UNITS | 12. | QUAL RETN YRMO: | |
| 5. | DEPLOYABILITY: | R2 - UNAVAILABLE-DEPLOYED/MOBILIZED | 13. | INITIAL ENTRY MIL: | 1970/01/29 |
| 6. | YRMO DEPLOY END: | 2007/07 | 14. | INITIAL ENTRY RES: | 1971/11/30 |
| 7. | PEBD: | 1977/07/11 | 15. | 20 YEAR CERT: | 2002/08/14 |
| 8. | EXP RDY RES OBLG: | 2006/05/03 | 16. | SOURCE MPC: | G - VOL ENL IN RC ON OR AFTER 3 SEPT 63, TITLE 10 USC 511D |
| | | | 17. | AD CALL-UP EVENT: | |
| | | | 18. | YRS ACT FED SVC: | 03.43 |
| | | | 19. | DATE LAST REL AD: | 2003/08/30 |
| | | | 20. | DATE LAST EVAL REG: | 2005/03/31 |
| | | | 21. | YRMO ELIG AFRM: | 2013/07 |
| | | | 22. | YRMO ARCAM SUSP: | 2006/07 |
| | | | 23. | IND INCENT STATUS CD: | |
| | | | | IND INCENTIVE EFF DATE: | |
| | | | | INCENTIVE BONUS TYPE: | |
| | | | | INCENTIVE PROGRAM CD: | |
| | | | | TERM REASON CODE: | |
| | | | | TERMINATION EFF DATE: | |

## \*\* ------ SECTION III - QUALIFICATION DATA ------ \*\*

| # | Field | Value | # | Field | Value |
|---|-------|-------|---|-------|-------|
| 1. | PMOS / SMOS / AMOS: | 25U5 / 1325 / | 11. | DENT XRAY LOC: | D - DEERS REPOSITORY, CA |
| 2. | SQI(s) / ASI(s): | M O / | 12. | DNA SAMPLE INDIC: | Y |
| 3. | DLAB SCORE: | | 13. | HEIGHT / WEIGHT: | 65 in. 170 lbs. |
| 4. | YRMO DLAB TEST: | | 14. | HGT WT INDIC / YRMO: | M 2005/10 |
| 5. | CURR AERO RATE: | | 15. | APRT INDIC / YRMO: | P 2005/10 |
| | | | 16. | FLD DETM PSSTAT: | Y - NONE |
| 6. | CURR FLY STATUS: | | 17. | DTE FLD DETM PSSTAT: | 2000/05/05 |
| 7. | PHYS CAT / PULHES: | A / 111111 | 18. | PS INVEST TYPE / DATE: | 1998/01/30 |
| 8. | YRMO LAST PHYS EXAM: | 2003/07 | 19. | DEPT DETM PSSTAT: | F - SECRET |
| 9. | YRMO LAST HIV TEST: | 2005/08 | 20. | AFQT PCTL / GRP: | 90 / A - GROUP IIA |
| 10. | YRMO DRUG TEST: | 2005/03 | 21. | MIL EDUC ENRLD: | Y3 - NO APPLICABLE COURSE |
| | | | 22. | MIL EDUC COMPL: | R1 - FIRST SERGEANT COURSE |
| | | | 23. | CIV EDUC LEVEL: | G - 4TH YEAR OF COLLEGE |
| | | | 24. | CIV EDUC CERT: | K - BACCALAUREATE DEGREE |
| | | | 25. | MAJ COLL SUBJ: | ZZZ - UNKNOWN |

DA FORM 2A (USAR)



**DEPARTMENT OF THE ARMY**
BATTLE PROJECTION GROUP, 1ST BRIGADE, 75TH DIVISION (TS)
1850 OLD SPANISH TRAIL
HOUSTON, TEXAS 77054-2025

REPLY TO
ATTENTION OF

AFKR-TTX-AD-BPG                                          19 January 2006

MEMORANDUM THRU 1st BDE, 75th Division (Training Support), ATTN: S-1, 1850 Old
Spanish Trail, Houston, TX 77054

MEMORANDUM FOR 75th Division (Training Support), ATTN: G-1, 1850 Old Spanish Trial,
Houston, TX 77054

SUBJECT: MSG ROSARIO, BENJAMIN M., 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

1. MSG, ROSARIO, BENJAMIN M.,               is not requesting a Non Commissioned
Officer Evaluation Report at this time as he prepares for retirement.

2. Point of contact for this matter is, SSG Thomason, (713) 795-7115.

SUZANNE B. THOMASON
SSG, US ARMY
PSNCOIC



**DEPARTMENT OF THE ARMY**
U.S. ARMY RESERVE PERSONNEL COMMAND
1 RESERVE WAY
ST. LOUIS, MISSOURI 63132-5200



REPLY TO
ATTENTION OF

ARPC-PSP-T

14 AUGUST 2002

MEMORANDUM FOR



1SG BENJAMIN MICHAEL ROSARIO
2411 CREEK MEADOWS DR
MISSOURI CITY    TX   774592631

SUBJECT: Notification of Eligibility for Retired Pay at Age 60 (Twenty Year Letter)

1.  You have completed the required years of qualifying reserve service and are eligible for retired pay on application at age 60 in accordance with Title 10, U.S. Code, Chapter 1223. Your eligibility for retired pay may not be denied or revoked on the basis of any error, miscalculation, misinformation, or administrative determination of years of creditable service performed unless it resulted directly from fraud or misrepresentation on your part. However, the number of years of creditable service in which retired pay is computed may be adjusted to correct any error, miscalculation, misinformation, or administrative determination. When such correction is made you will be eligible for retired pay according to the number of years of creditable service, as corrected, from the date retired pay is granted.

2.  You will not be entitled to retired pay under Title 10, U.S. Code, Section 12731 if you are now or later become entitled to retired pay from an armed force under any other provision of law or to retainer pay as a member of the Fleet Reserve or Fleet Marine Corps Reserve.

3.  If you are in an active status, you are reminded that since you have completed 20 years of qualifying service you must earn a minimum of 50 points each retirement year to retain active status. This requirement may be waived for valid reasons, such as personal hardship. Contact your Personnel Manager for questions concerning participation.

4.  Public Law 95-397, 30 Sep 1978, created the Reserve Component Survivor Benefit Plan (RCSBP), in which you are entitled to participate. RCSBP is your sole means of protecting your retired pay entitlement. NOTE: Public Law 106-398, 30 Oct 2000, requires that upon receipt of this Letter, a qualified Reserve Component member, who is married, will automatically be enrolled in the RCSBP under Option C, Spouse and Child(ren) coverage based on Full Retired Pay, UNLESS spouse concurrence is provided to allow one of the following elections:

    a.  Option A (defer enrollment until age 60 when you apply for retired pay).
    b.  Option B (enroll and pay an annuity when YOU would have been age 60):
        (1)  Enroll spouse or spouse and child(ren) at LESS THAN the maximum level.
        (2)  Enroll child(ren) only
    c.  Option C (enroll and pay an annuity immediately upon your death) but:
        (1)  Enroll spouse or spouse and child(ren) at LESS THAN the maximum level.
        (2)  Enroll children only.

| Date Rcd Chg | Grade | Current Assignment | Pay Entry Basic Date | Retirement Year Ending | Num Yrs Creditable for Reserve Retirement | Date 20 Yr Cert: | Date 15 Yr Cert: |
|---|---|---|---|---|---|---|---|
| 2005 08 10 | MSG | UNITED STATES ARMY RESERVE TROOP PROGRAM UNIT | 1977 07 11 | 07/10 | 23 | 2002 08 14 View 20 Year Letter | |

| Beginning Date YR MO DAY | Ending Date YR MO DAY | Military Personnel Class | Status Or Component | Inactive Duty Points | Extension Course Points | Member-ship Points | Active Duty Points | Qualifying For Retirement YRS MOS DAYS | Total Points Creditable |
|---|---|---|---|---|---|---|---|---|---|
| 2004 07 11 | 2005 07 10 | ENL | USAR | 042 | 000 | 15 | 0011 | 01 00 00 | 0068 |
| 2003 07 11 | 2004 07 10 | ENL | USAR | 042 | 000 | 15 | 0073 | 01 00 00 | 0130 |
| 2002 07 11 | 2003 07 10 | ENL | USAR | 028 | 000 | 15 | 0176 | 01 00 00 | 0219 |
| 2001 07 11 | 2002 07 10 | ENL | USAR | 048 | 000 | 15 | 0019 | 01 00 00 | 0082 |
| 2000 07 11 | 2001 07 10 | ENL | USAR | 044 | 000 | 15 | 0031 | 01 00 00 | 0090 |
| 1999 07 11 | 2000 07 10 | ENL | USAR | 056 | 000 | 15 | 0028 | 01 00 00 | 0099 |
| 1998 07 11 | 1999 07 10 | ENL | USAR | 048 | 000 | 15 | 0009 | 01 00 00 | 0072 |
| 1997 07 11 | 1998 07 10 | ENL | USAR | 044 | 000 | 15 | 0021 | 01 00 00 | 0080 |
| 1996 07 11 | 1997 07 10 | ENL | USAR | 032 | 000 | 15 | 0015 | 01 00 00 | 0062 |
| 1995 07 11 | 1996 07 10 | ENL | USAR | 032 | 000 | 15 | 0005 | 01 00 00 | 0052 |
| 1994 07 11 | 1995 07 10 | ENL | ARNG | 005 | 000 | 15 | 0000 | 00 00 00 | 0020 |
| 1993 07 11 | 1994 07 10 | ENL | ARNG | 036 | 000 | 15 | 0017 | 01 00 00 | 0068 |
| 1992 07 11 | 1993 07 10 | ENL | ARNG | 048 | 000 | 15 | 0015 | 01 00 00 | 0075 |
| 1991 07 11 | 1992 07 10 | ENL | ARNG | 043 | 000 | 15 | 0015 | 01 00 00 | 0073 |
| 1990 07 11 | 1991 07 10 | ENL | ARNG | 049 | 000 | 15 | 0015 | 01 00 00 | 0075 |
| 1989 07 11 | 1990 07 10 | ENL | ARNG | 042 | 000 | 15 | 0000 | 01 00 00 | 0057 |
| 1988 07 11 | 1989 07 10 | ENL | ARNG | 043 | 000 | 15 | 0030 | 01 00 00 | 0088 |
| 1987 07 11 | 1988 07 10 | ENL | ARNG | 045 | 000 | 15 | 0003 | 01 00 00 | 0063 |
| 1986 07 11 | 1987 07 10 | ENL | ARNG | 067 | 000 | 15 | 0015 | 01 00 00 | 0075 |
| 1985 07 11 | 1986 07 10 | ENL | ARNG | 050 | 000 | 15 | 0018 | 01 00 00 | 0078 |
| 1984 07 11 | 1985 07 10 | ENL | ARNG | 065 | 000 | 15 | 0029 | 01 00 00 | 0089 |
| 1983 07 11 | 1984 07 10 | ENL | ARNG | 049 | 000 | 15 | 0019 | 01 00 00 | 0079 |
| 1977 07 11 | 1983 07 10 | ENL | BREAK | 000 | 000 | 00 | 0000 | 00 00 00 | 0000 |
| 1976 11 30 | 1977 01 26 | ENL | INACT | 000 | 000 | 00 | 0000 | 00 00 00 | 0000 |
| 1975 01 27 | 1976 01 26 | ENL | ARNG | 000 | 000 | 15 | 0000 | 00 00 00 | 0015 |
| 1974 01 27 | 1975 01 26 | ENL | ARNG | 000 | 000 | 15 | 0000 | 00 00 00 | 0015 |
| 1973 01 27 | 1974 01 26 | ENL | ARNG | 000 | 000 | 15 | 0000 | 00 00 00 | 0015 |
| 1972 01 27 | 1973 01 26 | ENL | ARNG | 000 | 000 | 15 | 0000 | 00 00 00 | 0015 |
| 1971 01 27 | 1972 01 26 | ENL | ARNG | 000 | 000 | 15 | 0307 | 01 00 00 | 0322 |
| 1970 01 27 | 1971 01 26 | ENL | ARNG | 000 | 000 | 15 | 0365 | 01 00 00 | 0365 |
| | | | | | | | Total: | 23 00 00 | 02541 |

Detail point information is available for the most recent retirement year, as shown on your summary record above, and the points that will be applied to your next retirement year. Due to the number of detail records stored for each soldier we have limited display to those in the most recent year.

| | Inactive Points | | | | | Active Points | | | |
|---|---|---|---|---|---|---|---|---|---|
| Beginning Date | Ending Date | Source | Points | Course | Beginning Date | Ending Date | Points Source | Points Creditable | Extension Course |
| 2005 07 17 | 2005 07 17 | X | 002 | | 2006 01 01 | 2006 01 15 | J | 015 | |
| 2005 07 16 | 2005 07 16 | X | 002 | | 2005 12 16 | 2005 12 31 | J | 016 | |
| 2005 06 12 | 2005 06 12 | X | 002 | | 2005 12 01 | 2005 12 15 | J | 015 | |
| 2005 06 11 | 2005 06 11 | X | 002 | | 2005 11 16 | 2005 11 30 | J | 015 | |
| 2005 04 10 | 2005 04 10 | X | 002 | | | | | | |

Retirement Points - Portal

| | | | | | | | | |
|---|---|---|---|---|---|---|---|---|
| 2005 04 09 | 2005 04 09 | X | 002 | | 2005 11 01 | 2005 11 15 | J | 015 |
| 2005 03 13 | 2005 03 13 | X | 002 | | 2005 10 16 | 2005 10 31 | J | 016 |
| 2005 03 12 | 2005 03 12 | X | 002 | | 2005 10 01 | 2005 10 15 | J | 015 |
| 2005 02 13 | 2005 02 13 | X | 002 | | 2005 09 16 | 2006 09 30 | J | 015 |
| 2005 02 12 | 2005 02 12 | X | 002 | | 2005 09 01 | 2005 09 15 | J | 015 |
| 2005 01 23 | 2005 01 23 | X | 002 | | 2005 08 16 | 2005 08 31 | J | 016 |
| 2005 01 22 | 2005 01 22 | X | 002 | | 2005 08 01 | 2005 08 15 | J | 015 |
| 2004 12 05 | 2004 12 05 | X | 002 | | 2005 07 22 | 2005 07 31 | J | 010 |
| 2004 12 04 | 2004 12 04 | X | 002 | | 2005 07 19 | 2005 07 21 | J | 003 |
| 2004 11 21 | 2004 11 21 | X | 002 | | 2005 06 25 | 2005 06 26 | J | 002 |
| 2004 11 20 | 2004 11 20 | X | 002 | | 2005 05 18 | 2005 05 22 | J | 005 |
| 2004 10 17 | 2004 10 17 | X | 002 | | 2005 04 29 | 2005 05 01 | J | 003 |
| 2004 10 16 | 2004 10 16 | X | 002 | | 2004 12 06 | 2004 12 06 | J | 001 |
| 2004 09 12 | 2004 09 12 | X | 002 | | | | | |
| 2004 09 11 | 2004 09 11 | X | 002 | | | | | |
| 2004 08 15 | 2004 08 15 | X | 002 | | | | | |
| 2004 08 14 | 2004 08 14 | X | 002 | | | | | |
| 2004 07 11 | 2004 07 11 | X | 002 | | | | | |

## CODE DEFINITION

| | | | |
|---|---|---|---|
| A | Completion of Extension Course | B | Attendance at Annual Training |
| C | Performance of Command Staff & Admin Duties | D | Presentation of Instructions |
| E | Preparation of Instruction | F | Performance of Recruiting Duty |
| G | Performance of Training | H | Performance of Medical Duties |
| J | Attendance at Active Duty for Training | K | Performance of Active Duty |
| L | Correspondence Course Points | M | Performance of Inactive Duty Training (IDT) for Funeral Honors Duty |
| N | Performance of Active Duty Training for Funeral Honors Duty | X | Performance of Inactive Duty Training (IDT) |

ARPC-PSP-T
SUBJECT: Notification of Eligibility for Retired Pay at Age 60 (Twenty Year Letter)

You must notify this Command, using the DD Form 1883, Survivor benefit Plan – Election Certificate found in the enclosed booklet, of your decision within 90 days of the date of this Letter. If you elect to remain covered under the automatic provision of the Law you must provide this Command written correspondence (the enclosed DD Form 1883 is preferred) stating who you have designated as your spouse and child(ren) annuitant(s). The cost for this participation will commence upon your receipt of retired pay at age 60. Detailed information concerning the RCSBP program and costs is enclosed. **ANY WRITTEN CORRESPONDENCE (letter or forms) THAT INVOLVE A CHANGE FROM FULL COVERAGE UNDER OPTION C FOR SPOUSE REQUIRE THE SIGNATURE OF YOUR SPOUSE BEFORE A NOTARY, OR A RETIREMENT SERVICES OFFICER AND ONE OTHER WITNESS. FAILURE TO MEET THIS REQUIREMENT WILL RESULT IN THE RETENTION OF FULL COVERAGE FOR YOUR SPOUSE AND CHILD(REN).** You may contact this Command for answers to specific individual questions by dialing 1-800-318-5298, extension 4.

5.   Reserve soldiers who have completed 20 years of qualifying service for retirement may be eligible for the Veteran's Group Life Insurance Program. Information regarding this program may be obtained from the Office Servicemen's Group Life Insurance, 213 Washington Street, Newark, NJ 07102-2904, 1-800-419-1473.

FOR THE COMMANDER:

Encls

CHARLES E. BENSON
COL, TC
Director, Personnel Actions and Services

2

## SECTION VII — CURRENT AND PREVIOUS ASSIGNMENTS
### RECORD OF ASSIGNMENTS

35.

| EFFECTIVE DATE | DUTY MOSC | PRINCIPAL DUTY | ORGANIZATION AND STATION OR OVERSEA COUNTRY | NON-DUTY DAYS BP YR/MO | NON-RATED DAYS EP YR/MO | TYPE REPORT |
|---|---|---|---|---|---|---|
| AD 700127 | 711129 FA | Opns & Intel Asgt 13E20 E5 RA; RES 711130-760126 USAR CG (Anl Tng) | | | | |
| 830711 | | Enlistment | HHB 1/133d FA Houston Tx | | | |
| 830711 | 13E20 | Cannon FD Spc | HHB 1/133d FA Houston Tx | | | |
| 850831 | | Trf to Det 1 Btry A 1/133d FA Nacogdoches Tx | | | | |
| 850831 | 13E30 | Chief FD Computer | Det 1 Btry A 1/133d FA Nacogdoches Tx | | | |
| 880601 | 13E30 | Cannon FD Spc                    (REORG) | Co D 7/112th AR Nacogdoches Tx | | | |
| 881001 | | Trf to HHB 1/133d FA Baumont Tx HQ 36th Bde Orders 32-1 dtd 881115 | | | | |
| 881001 | 13E30 | Computer Operator | HHB 1/133d FA Beaumont Tx | | | |
| 881201 | | Trf to Btry A 1/133d FA Fort Arthur Tx/No 1/133d FA Orders 36-1 dtd 881130 | | | | |
| 881201 | 13E30 | Chief FWD Computer | Btry A 1/133d FA Port Arthur Tx | | | |
| 900201 | 13E30 | Chief FWD Computer       (Reloaction) | Btry A 1/133d FA Jasper Tx | | | |
| 920605 | 13E30 | Chief FD Computer | Btry A 1/133d FA Jasper Tx | | | |
| 920901 | 13E30 | Chief FD Computer       (REORG) | Btry A 1/133d FA Jasper Tx | | | |
| 940828 | | ED FROM TXARNG AND AS A RESERVE OF THE ARMY AGTX ORDERS 180-101 DTD 940920 | | | | |
| 940829 | 31U30 | SIGNAL NCO (USAR-READY) | 2D GRSC, 1st Bde, 75th Div(E)FtS1110K | 9412 | 9510 | ANL |
| 951201 | | REASGN TO BPG, 1ST BDE, 75TH DIV(E) HOUSTON TX, 75TH DIV ORD #304-23 dtd 30 NOV 95 | | | | |
| 951202 | 31U40 | SIGNAL SPT STS NCO (USAR-READY) | BPG, 1ST BDE, 75TH DIV(E) HOUSTON TX | 9512 | 9609 | CMPL RCD |
| 960930 | 31U40 | SIGNAL NCO (USAR-READY) | BPG, 1st Bde, 75th Div(E) Houston TX | 9609 | 9709 | ANL |
| 970930 | 31U50 | EXP SR OPNS SGT (USAR-READY) | BPG, 1ST BDE, 75TH DIV(E) HOUSTON TX | 9710 | | |
| (4 T JULY) | | | | | | |

— Fold Here —

# SECTION II — CLASSIFICATION AND ASSIGNMENT DATA (Continued)

## 13. PILOT RATINGS

| ORIGINAL | DATE | CURRENT | DATE |
|---|---|---|---|
| | | | |

## 14. FLYING STATUS

| | CONT |
|---|---|
| | |

## INSTRUMENT CERTIFICATION

## 15. INTERNSHIPS, RESIDENCIES AND FELLOWSHIPS

| TYPE OR SERVICE | HOSPITAL | FROM | THRU | MONTHS | YEAR | CONT |
|---|---|---|---|---|---|---|
| | | | | | | |

## 16. HOSPITAL/TEACHING APPOINTMENTS AND PRIVATE PRACTICE

| FROM | THRU | INSTITUTION/LOCATION | TYPE | DURAT | CONT |
|---|---|---|---|---|---|
| | | | | | |

## 17. CIVILIAN EDUCATION AND MILITARY SCHOOLS

| SCHOOL | MAJOR/COURSE/MOSC | DURAT | COMP | YEAR | CONT |
|---|---|---|---|---|---|
| Univ of Houston (Col) | GENERAL | 4 Yrs | BA | 70 | |
| USATC | FAIntelAsst (13E | 12 Wks | Yes | 70 | |
| Reg III NCOA | PLDC-RC | 4 Wks | Yes | 88 | |
| 4161ST USARF SCHOOL | BNCOC PH I | 37 HR | YES | 93 | |
| 4151ST USARF SCHOOL | (31U)SigSptSysSp | HR | YES | 95 | |
| 4153D USARF SCHOOL | (31U)SigSptSysPH2 | 2 WK | YES | 95 | |
| 4151ST USARF SCHOOL | ANCOC PH 1 | 2 WK | YES | 96 | |
| 3rd Bde 108 Div (IT) | ANCOC PH II | 2 Wks | YES | 96 | |

# SECTION III — SERVICE, TRAINING AND OTHER DATES

## 18. APPOINTMENTS AND REDUCTIONS

| GRADE | COMP | EFFECTIVE DATE | DATE OF BASD/RANK | CONT |
|---|---|---|---|---|
| SGT | ARNGUS | 830711 | | |
| SSG | ARNGUS | 890507 | | |
| SFC | USAR | | 961016 | |

## 19. SPECIALIZED TRAINING

| SUBJECT | DATE | CONT |
|---|---|---|
| ATP 21-114 (BCT) | | |
| Geneva-Hague Conventions | | |
| Military Justice | | |
| Benefits of Honorable Discharge | | |

**20. BASIC ENLISTED SERVICE** DATE (BESD)

**21. TIME LOST Sec. 972, Title 10, USC**

| FROM | THRU | DAYS | REASON |
|---|---|---|---|
| 770711 | | | |

# SECTION IV — PERSONAL AND FAMILY DATA

## 22. PHYSICAL STATUS

| HEIGHT | WEIGHT | GLASSES | |
|---|---|---|---|
| 66 | 172 | YES | NO |

DATE OF EXAM 930615

## 23. PLACE OF BIRTH AND CITIZENSHIP

SELF GERMANY
SPOUSE TEXAS
CITIZENSHIP OF SPOUSE   NATIVE

## 24. NUMBER OF DEPENDENTS

| ADULT | CHILDREN |
|---|---|
| 1 | 2 |

## 25. HOME OF RECORD/ADDRESS

HOR: 12511 CHEWTON CT
Tomball TX 77375

## 26. CIVILIAN OCCUPATION

JOB TITLE:

| DOT CODE | CRITICAL OCCUPATION | | NO. MONTHS EMPLOYED | MOSC |
|---|---|---|---|---|
| | YES | NO | | |

DUTIES PERFORMED

EMPLOYER