UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
AUSTIN DIVISION

| | | |
|---|---|---|
| BENJAMIN ROSARIO, | § | |
|     Plaintiff | § | |
| | § | |
| v. | § | CIVIL ACTION NO.: 1:18-cv-01008-RP |
| | § | |
| | § | |
| | § | **JURY TRIAL DEMANDED** |
| TEXAS VETERANS | § | |
| COMMISSION, THOMAS PALLADINO, | § | |
| VICTOR POLANCO, | § | |
| WILLIAM GLENN TRAMEL, | § | |
| MICHAEL JAEGER, AND | § | |
| CRUZ MONTEMAYOR | § | |
|     Defendants. | § | |

**PLAINTIFF'S FIRST AMENDED VERIFIED COMPLAINT**

TO THE HONORABLE JUDGE OF SAID COURT:

Plaintiff BENJAMIN ROSARIO ("Mr. Rosario"), by and through his attorneys, brings action for damages and other legal and equitable relief from Defendants, Texas Veterans Commission ("the Commission" or "TVC"), Thomas Palladino, Victor Polanco, William Glenn Tramel, Michael Jaeger, and Cruz Montemayor, in their official capacities ("Defendant officials" or "TVC officials"), for violations of Title VII of the Civil Rights Act of 1964 ("Title VII"), as amended 42 U.S.C. § 2000e *et seq.*; Age Discrimination in Employment Act of 1967, as amended, 29 U.S.C. § 621 *et seq.* ("ADEA"); and any other cause(s) of action that can be inferred from the facts set forth herein for employment discrimination based on sex.

**JURISDICTION AND VENUE**

1. This Court has jurisdiction over this action pursuant to 28 U.S.C. §1331, which confers original jurisdiction upon this Court for actions arising under the laws of the United States,

and pursuant to 28 U.S.C. §1343(3) and §1343(4), which confer original jurisdiction upon this Court in a civil action to recover damages or to secure equitable relief (i) under any Act of Congress providing for the protection of civil rights; and (ii) under 29 U.S.C. §216(b) *et. seq.*

2. The Court's supplemental jurisdiction is invoked pursuant to 28 U.S.C. §1367(a), which confers supplemental jurisdiction over all non-federal claims arising from a common nucleus of operative facts such that they form part of the same case or controversy under Article III of the United States Constitution.

3. Venue is proper in this Court pursuant to 29 U.S.C. §216(b), in as much as the unlawful employment practices occurred in this judicial district. Venue is also proper in this Court pursuant to 28 U.S.C. §1391(b)(1) and (c), in that Defendant maintains offices, conducts business, and resides in this district.

## THE PARTIES

4. Plaintiff is an individual who has been aggrieved by Defendant's actions. He is and has been, at all relevant times, a male citizen of the United States of America and is a resident of the State of Texas.

5. Defendant Texas Veterans Commission is a non-profit organization located at P.O. Box 12277, Austin, Texas 78711-2277. At all relevant times, Texas Veterans Commission has employed at least 15 employees, has done business within this District, and has been an employer engaged in an industry affecting commerce.

6. Defendant TVC has at all times been an employer covered by Title VII.

7. Defendant Thomas Palladino, sued in his official capacity, is the Executive Director of the TVC located at P.O. Box 12277, Austin, Texas 78711-2277.

8. Defendant Victor Polanco, sued in his official capacity, is the Director of Claims and Representation at the TVC located at P.O. Box 12277, Austin, Texas 78711-2277.

9. Defendant William Glenn Tramel, sued in his official capacity, is the Director of Human Resources at the TVC located at P.O. Box 12277, Austin, Texas 78711-2277.

10. Defendant Michael Jaeger, sued in his official capacity, is the Southwest District Manager for Claims & Representation at the TVC located at P.O. Box 12277, Austin, Texas 78711-2277. Defendant Michael Jaeger was previously Plaintiff's immediate supervisor at the TVC.

11. Defendant Cruz Montemayor, sued in his official capacity, is the Deputy Executive Director of the TVC located at P.O. Box 12277, Austin, Texas 78711-2277.

**EXHAUSTION OF FEDERAL ADMINISTRATIVE REMEDIES**

12. Plaintiff's complaints of discrimination and retaliation pursuant to Title VII were timely filed with the Equal Employment Opportunity Commission ("EEOC").[1]

13. On August 28, 2018, the EEOC issued a Notice of Right to Sue prior to the filing of this Complaint.[2]

**STATEMENT OF THE FACTS**

14. Plaintiff was previously a federal VA employee and acted as a VA counselor for 32 years. In January of 2010, Plaintiff began working for the TVC and his office was located on the premises of the Kerrville VA Medical Center ("the Center").

---

[1] *See* Plaintiff's Exhibit A, Charges Submitted to the EEOC.
[2] *See* Plaintiff's Exhibit B, August 28, 2018 Right-to-Sue Letter from the EEOC.

15. Plaintiff worked as a regular, full-time employee at the Center for the TVC until his involuntary resignation in November of 2017.[3]

16. The TVC Employee Handbook provides that "[s]upervisors must execute corrective and disciplinary actions with sensitivity and sound judgment. The goal of disciplinary action is the improvement of the future behavior and/or the performance of the employee and the avoidance of similar occurrences in the future."[4] TVC's Employee Handbook does not include any express waiver or disclaimer limiting the handbook's requirements or obligations to TVC employees.[5]

17. On or about October of 2017, Plaintiff informed his employer, Defendant TVC, that he was planning to retire early once he accrued his full retirement benefits scheduled to occur on April 30, 2018, provided that he could use his active military service to "buy back" the years he was lacking before full retirement benefits would accrue.[6]

18. On or about November 7, 2017, Plaintiff was accused of sexual harassment by a coworker, who first met Plaintiff in February of 2017, just several months prior.[7]

19. On or about November 14, 2017, at the behest of her superior, Plaintiff's coworker filed a Report of Contact to the TVC through the Center.[8]

---

[3] *See* Plaintiff's Exhibit C, Involuntary Resignation Letter. *See also* Plaintiff's Exhibit D, Appeal of Involuntary Resignation to TVC and TVC's Subsequent Denial Letter.
[4] *See* Plaintiff's Exhibit E at p. 33, TVC's New Employee Handbook.
[5] *See id*. *See also Fed. Express Corp. v. Dutschmann*, 846 S.W.2d 282, 283 (Tex. 1993) ("A disclaimer in an employee handbook . . . negates any implication that a personnel procedures manual places a restriction on the employment at will relationship.").
[6] *See* Plaintiff's Exhibit F, Employee Retirement System Correspondence. Typically, the TVC requires ten years of service before full retirement benefits accrue, which for Plaintiff would have been January of 2020, but active military service can be applied to the ten-year benchmark to allow employees to retire earlier with full benefits.
[7] *See* Plaintiff's Exhibit G at p. 25, lines 23-25, and p. 26, lines 1-2, Pre-Suit Investigatory Deposition of Complaining Coworker (hereafter identified as "Complainant").
[8] *See* Plaintiff's Exhibit G at p. 47, line 24, Deposition of Complainant.

20. On or about November 16, 2017, VA Union Representatives and the TVC interviewed Plaintiff's coworker about the claimed incident with Plaintiff. The TVC did not provide Plaintiff notice and an opportunity to be heard regarding his coworker's complaints.

21. On or about November 17, 2017, a different VA employee of the Center, presumably the accuser's superior, called the VA Police Department to report the same incident regarding Plaintiff.

22. On or about November 20, 2017, Plaintiff was approached by two different TVC employees, one being his former supervisor, who advised that the TVC's sexual harassment investigation had concluded and Plaintiff had been found responsible for engaging in acts of sexual harassment against his coworker. At that same time, the TVC employees insisted and ultimately forced Plaintiff to sign a letter of resignation. Plaintiff was subsequently escorted off the Center's property by the VA Police Department.

23. After Plaintiff was advised he would be fired as a result of the above-referenced sexual harassment complaint, Plaintiff's direct supervisor informed Plaintiff that the termination would not have likely resulted from this complaint had it been filed a year prior, before the rise of the "Me Too" movement.[9]

24. The above-described events took place shortly before Plaintiff would have been eligible to retire with his full retirement benefits, as he had previously informed his supervisors was his goal.[10] As a result of Plaintiff's coerced resignation, Plaintiff has not accrued his full retirement benefits.

---

[9] *See* Affidavit of Benjamin Rosario.
[10] *See* Plaintiff's Exhibit F.

25. Shortly before Plaintiff's termination from the Defendant employer, the complaining coworker, around the same time as she made the complaint against Plaintiff, approached, embraced, and even kissed Plaintiff when they were both shopping at a local Wal-Mart in Kerrville, Texas. At that time, Plaintiff's coworker exhibited no signs of discomfort or fear.

## CAUSES OF ACTION

### Count I – Age Discrimination in Employment Act of 1964 (as codified, 29 U.S.C. §§ 621 to 634) – Disparate Treatment Involving Termination

26. Plaintiff incorporates by reference the allegations above as though set forth in full.

27. Pursuant to the TVC's Employee Handbook, the "TVC does not discriminate against an employee or job applicant because of his or her age with respect to any term, condition, or privilege or employment including but not limited to hiring, firing, promotion, layoff, compensation, benefits, job assignments and training. Employees aged 40 and older are protected from such age-related discrimination."[11] TVC's Employee Handbook does not include any express waiver or disclaimer limiting the handbook's requirements or obligations to TVC employees.[12]

28. Plaintiff is over 40 years of age and is therefore protected from age discrimination by his employer pursuant to the express terms provided in the TVC Employee Handbook.

29. At least in part, Defendant terminated Plaintiff because of his age in violation of the Age Discrimination in Employment Act ("ADEA"), 29 U.S.C. § 623(a)(1).

30. Defendant's violation of the ADEA was willful.

---

[11] *See* Plaintiff's Exhibit E at p. 12, TVC's New Employee Handbook.
[12] *See id*. *See also Fed. Express Corp. v. Dutschmann*, 846 S.W.2d 282, 283 (Tex. 1993) ("A disclaimer in an employee handbook . . . negates any implication that a personnel procedures manual places a restriction on the employment at will relationship.").

31. As the direct result of Defendant's age discrimination, Plaintiff has sustained and will continue to sustain wage and benefits losses, and has incurred and will continue to incur out-of-pocket losses, including attorney fees and legal costs.

32. As the direct result of Defendant's pretextual criticisms of Plaintiff's performance, namely, that Plaintiff engaged in acts of sexual harassment, Plaintiff has lost earnings capacity.

**Count II – Title VII of the Civil Rights Act of 1964 (42 U.S.C. §§ 2000e *et seq.*) – Employment Discrimination on the Basis of Sex**

33. Plaintiff incorporates all paragraphs above as though set forth in full.

34. In relevant part, Title VII provides that "[i]t shall be an unlawful employment practice for an employer . . . to . . . discharge any individual, or otherwise discriminate against any individual with respect to his compensation, terms, conditions, or privileges of employment, because of such individual's race, color, religion, sex, or national origin; or to limit, segregate, or classify his employees . . . in any way which would deprive or tend to deprive any individual of employment opportunities or otherwise adversely affect his status as an employee, because of such individual's race, color, religion, sex, or national origin."[13]

35. Pursuant to the TVC Employee Handbook, the "TVC adheres to all applicable federal and state laws, rules, guidelines, regulations and executive orders and provides equal employment opportunity in all employment and employee relations."[14]

36. In the alternative to the age discrimination claims outlined above, Defendant's conduct was in violation of Title VII of the Civil Rights Act of 1964 ("Title VII"), as amended 42 U.S.C. § 2000e *et seq.* as he was terminated based on gender and age discrimination.

---

[13] 42 U.S.C. § 2000e-2.
[14] *See* Plaintiff's Exhibit E at p. 11, TVC's New Employee Handbook.

37. Defendant engaged in unlawful employment practices in violation of Section 703(a)(1) of Title VII by terminating or constructively terminating Plaintiff because of his sex.[15]

38. Defendant's decision to terminate Plaintiff was based on sex. Defendant fired Plaintiff because of unfounded accusations of sexual harassment for which Defendants purportedly investigated for a mere three-day period before reaching a conclusion that Plaintiff had engaged in misconduct. Indeed, Plaintiff's immediate supervisor stated as such by explaining that Plaintiff likely would not have been disciplined so severely had the complaint been made prior to the rise of the "Me Too" movement.[16]

39. The effect of Defendant's unlawful employment practices was to deprive Plaintiff of equal employment opportunities and otherwise adversely affect his status as an employee, because of his sex.

40. Defendant's unlawful employment practices were intentional and done with malice or with reckless indifference to Plaintiff's rights under Title VII.

41. Plaintiff has been the victim of unlawful discriminatory conduct in the workplace. Plaintiff was unlawfully subjected to disparate treatment and suffered adverse employment actions by Defendant on the basis of his sex. These employment actions were unlawful in violation of Title VII, 42 U.S.C. § 2000e-2(a).

42. Plaintiff has been made to suffer mental anguish and emotional distress, loss of employment, and future employment opportunities, and loss of wages and benefits, as the direct and proximate result of Defendant's violations of his civil rights as alleged herein. Plaintiff is reasonably certain to continue to suffer these damages in the future. Plaintiff is entitled to the rights

---

[15] 42 U.S.C. § 2000e-2(a)(1).
[16] *See* Affidavit of Benjamin Rosario.

and remedies at law provided by Title VII and 42 U.S.C. § 1981a, including actual damages, compensatory damages, punitive damages, and attorneys' fees.

### Count III – Breach of Contract

43. Plaintiff incorporates all paragraphs above as though set forth in full.

44. Plaintiff and Defendant have a valid, enforceable contract for Plaintiff's employment.[17]

45. By contracting with Plaintiff, Defendant waived immunity from liability for damages caused by Defendant's breach of contract.[18]

46. Following Plaintiff's six-month probationary appointment in an employment-at-will status with the TVC, Plaintiff "gain[ed] the rights and status of a regular employee."[19]

47. As a party to the above-referenced contract, Plaintiff has standing to assert this claim.[20]

48. Plaintiff met all requirements for his employment with the TVC pursuant to the above-referenced contract.

49. By terminating Plaintiff's employment without cause in contravention of the TVC Employee Handbook, Defendant breached the above-referenced contract. In relevant part, the TVC Employee Handbook provides that "[s]upervisors must execute corrective and disciplinary

---

[17] *See* Plaintiff's Exhibit H, TVC Confirmation of Employment Letter. *See also* Plaintiff's Exhibit E, TVC's New Employee Handbook.
[18] *See, e.g., First-Citizens Bank & Trust Co. v. Greater Austin Area Telecomms. Network*, 318 S.W.3d 560, 564 (Tex. App. – Austin 2010, no pet.). *See also Travis Cty. v. Pelzel & Assocs.*, 77 S.W.3d 246, 248 (Tex. 2002).
[19] *See* Plaintiff's Exhibit H at p. 11.
[20] *See, e.g., Willis v. Donnelly*, 199 S.W.3d 262, 271 (Tex. 2006); *Alta Mesa Holdings, L.P. v. Ives*, 488 S.W.3d 438, 448-49 (Tex. App. – Houston [14th Dist.] 2016, pet. denied); *Bookout v. Bookout*, 165 S.W.3d 904, 911-12 (Tex. App. – Texarkana 2005, no pet.); *ANCO Ins. v. Romero*, 27 S.W.3d 1, 5-6 (Tex. App. – San Antonio 2000, pet. denied).

actions with sensitivity and sound judgment. The goal of disciplinary action is the improvement of the future behavior and/or the performance of the employee and the avoidance of similar occurrences in the future."[21] TVC's Employee Handbook does not include any express waiver or disclaimer limiting the handbook's requirements or obligations to TVC employees.[22]

50. Defendant's breach of the above-referenced contract caused Plaintiff injury. As a result of the above-described breach, Plaintiff seeks equitable remedies from Defendants through reinstatement of Plaintiff's employment.

### Count IV – Procedural Due Process
*No Meaningful Investigation or Hearing*
**U.S. Const. am. 5, 14; 42 U.S.C. § 1983; Tex. Const. art. I § 19**

51. Plaintiff incorporates all paragraphs above as though set forth in full.

52. The Fourteenth Amendment to the United States Constitution provides that no State shall "deprive any person of life, liberty, or property, without due process of law."

53. Fourteenth Amendment due process protections are required in employment disciplinary decisions for State employers.

54. The Texas Constitution's guarantee of procedural "due course of law" is for all practical purposes identical to the U.S. Constitution's procedural due process guarantee. The Texas Constitution provides an implied private right of action for lawsuits against the State when a person seeks equitable relief for violations of the due course of law guarantee.

55. 42 U.S.C. § 1983 provides a private right of action for lawsuits seeking equitable relief against State agents acting in their official capacity.

---

[21] *See* Plaintiff's Exhibit E at p. 33, TVC's New Employee Handbook.
[22] *See id*. *See also Fed. Express Corp. v. Dutschmann*, 846 S.W.2d 282, 283 (Tex. 1993) ("A disclaimer in an employee handbook . . . negates any implication that a personnel procedures manual places a restriction on the employment at will relationship.").

56. In an employment disciplinary proceeding involving suspension or termination of employment, the United States and Texas Constitutions require that the accused be given notice of the charges against him and a meaningful opportunity to be heard at a meaningful time.

57. Plaintiff was entitled to notice and a meaningful opportunity to be heard once a complaint was filed against him, and prior to the deprivation of his property interest in his employment. He has been deprived of due process protections and has now been subject to termination of his employment with the Defendant TVC.

58. Plaintiff has a protected liberty interest in his good name, reputation, honor, and integrity which he cannot be deprived of by the State absent due process.

59. Plaintiff also has a protected liberty interest in his future employment opportunities which the State cannot deprive him of absent due process.

60. Plaintiff is entitled to process commensurate with the seriousness of the allegations and the potential discipline he faced. Here, although the allegations against Plaintiff were not of the utmost seriousness, but they have served to impose lifelong ramifications for Plaintiff as the accused.

61. Plaintiff has a significant interest in avoiding an adverse decision against him based on a denial of due process protection.

62. Defendant knows that Plaintiff has a clearly established right to due process, and a reasonable person would know that failing to apply those standards of review would violate Plaintiff's due process rights.

63. In failing to ensure that due process be afforded to Plaintiff, both during the TVC's investigation as well as the subsequent decision to terminate Plaintiff's employment, Defendant TVC has caused actual damages to Plaintiff. His future career opportunities and personal as well

as professional reputations are imminently, if not already, threatened with harm that has no remedy at law.

### Count V – Substantive Due Process
*Unconscionable Disciplinary Action*
**U.S. Const. am. 5, 14; 42 U.S.C. § 1983; Tex. Const. art. I § 19**

64. Plaintiff incorporates all paragraphs above as though set forth in full.

65. In relevant part, the TVC Employee Handbook provides that "[s]upervisors must execute corrective and disciplinary actions with sensitivity and sound judgment. The goal of disciplinary action is the improvement of the future behavior and/or the performance of the employee and the avoidance of similar occurrences in the future."[23] Defendant TVC's Employee Handbook does not include any express waiver or disclaimer limiting the handbook's requirements or obligations to TVC employees.[24]

66. By failing to adhere to the above-described requirements pertaining to termination of TVC employees, like Plaintiff, Defendant violated Plaintiff's right to substantive due process under the Texas and United States Constitutions.

### Count VI – Request for Permanent Injunctive Relief

67. Plaintiff incorporates all paragraphs above as though set forth in full.

68. No plain, adequate, or complete remedy at law is available to Plaintiff to redress the wrongs addressed herein. As a result, Plaintiff seeks equitable relief through the Court's order of permanent injunctive relief providing for the reinstatement of Plaintiff to Defendant employer, TVC.

---

[23] *See* Plaintiff's Exhibit E at p. 33, TVC's New Employee Handbook.
[24] *See id*. *See also Fed. Express Corp. v. Dutschmann*, 846 S.W.2d 282, 283 (Tex. 1993) ("A disclaimer in an employee handbook . . . negates any implication that a personnel procedures manual places a restriction on the employment at will relationship.").

69. If this Court does not grant the injunctive relief sought herein, reinstatement, Plaintiff will be irreparably harmed.

## **PRAYER FOR RELIEF**

**WHEREFORE,** Plaintiff Ben Rosario prays for the following relief:

a. That Defendant TVC be ordered to pay Plaintiff back pay and benefits with interest;

b. That Defendant TVC and Defendant officials be ordered to reinstate Plaintiff to his former position with all lost pay and benefits, seniority, and promotions through permanent injunction;

c. That, in the alternative, Defendant TVC be required to pay Plaintiff front pay and benefits in the event reinstatement is not feasible;

d. That a final judgment in favor of Plaintiff and against Defendant TVC and its officials be entered for liquidated damages in an amount equal to the amount of wages due and owing to Plaintiff;

e. That Plaintiff be awarded damages for loss of earnings capacity;

f. That Plaintiff be awarded compensatory and punitive damages;

g. That Plaintiff be awarded the costs and expenses of this litigation and his reasonable attorney fees;

h. That Plaintiff be awarded compensation for the adverse tax consequences of his recovery of wages and benefits in a lump sum,

i. Pre-judgment interest;

j. A jury trial on these issues to determine liability and damages; and

k. Such other and further legal and equitable relief as this Court deems necessary, just, and proper.

**DEMAND FOR TRIAL BY JURY**

Pursuant to Rule 38(b) of the Federal Rules of Civil Procedure, Plaintiff demands a trial by jury of all issues so triable in this action.

Respectfully submitted,

DAVID K. SERGI AND ASSOCIATES, P.C.

By: /s/ *David K. Sergi*
**DAVID K. SERGI** – Attorney in Charge
Texas Bar No. 18036000
Email: david@sergilaw.com
**KATHERINE FRANK**
Texas Bar No. 24105630
Email: katie@sergilaw.com
329 S. Guadalupe St.
San Marcos, TX 78666
Tel. (512) 392-5010
Fax. (512) 392-5042
Attorneys for Plaintiff Benjamin Rosario