# UNITED STATES DISTRICT COURT
# WESTERN DISTRICT OF TEXAS
# AUSTIN DIVISION

| | |
|---|---|
| BENJAMIN ROSARIO<br>*Plaintiff*<br><br>v.<br><br>TEXAS VETERANS<br>COMMISSION, THOMAS<br>PALLADINO, VICTOR<br>POLANCO, WILLIAM G.<br>TRAMEL, MICHAEL JAEGER,<br>and CRUZ MONTEMAYOR<br>*Defendants* | Case No. A-18-CV-1008-RP |

## REPORT AND RECOMMENDATION
## OF THE UNITED STATES MAGISTRATE JUDGE

**TO: THE HONORABLE ROBERT PITMAN**
**UNITED STATES DISTRICT JUDGE**

Before this Court are Defendants' Partial Motion to Dismiss (Dkt. No. 21); Plaintiff's Response in Opposition (Dkt. No. 26);[1] and Defendants' Reply (Dkt. No. 27). The District Court referred the above motion and related filings to the undersigned Magistrate Judge for Report and Recommendation pursuant to 28 U.S.C. § 636(b)(1), Federal Rule of Civil Procedure 72, and Rule 1 of Appendix C of the Local Rules of the United States District Court for the Western District of Texas ("Local Rules").

## I. BACKGROUND

Plaintiff Benjamin Rosario ("Plaintiff") worked for Defendant Texas Veterans Commission ("TVC") as a full-time employee for about seven years. On November 7, 2017, a coworker accused

---

[1] In his Response, Plaintiff requests a hearing on Defendant's Partial Motion to Dismiss. Dkt. No. 26. Pursuant to Local Rule CV-7(h), the Court finds this matter suitable for disposition without a hearing. Accordingly, Plaintiff's request for a hearing is **DENIED**.

Plaintiff of sexual harassment. Dkt. No. 10 at ¶ 18. The coworker subsequently filed a formal complaint against Plaintiff and TVC initiated an investigation of the incident. *Id*. at ¶¶ 19-20. Plaintiff was informed of the allegations against him on November 17, 2017. Dkt. No. 10-4 at 3. On November 20, 2017, Plaintiff's former supervisor at TVC and another TVC employee met with Plaintiff regarding the complaint and informed Plaintiff that he was found responsible for engaging in acts of sexual harassment. Dkt. No. 10 at ¶ 22. At this meeting, the TVC employees forced Plaintiff to sign a letter of resignation and escorted him off the property. *Id*. Plaintiff contends the accusations of sexual harassment were unfounded and that his supervisor stated that "the termination would not have likely resulted from this complaint had it been filed a year prior, before the rise of the 'Me Too' movement." *Id*. at ¶ 23. These events occurred shortly before Plaintiff would have been eligible to retire and Plaintiff's resignation prevented him from accruing his full retirement benefits. *Id*. at ¶ 24.

Approximately one year later, on November 26, 2018, Plaintiff filed his Original Complaint against TVC. Dkt. No. 1. TVC in turn filed a Partial Motion to Dismiss. Dkt. No. 7. On February 8, 2019, Plaintiff amended his Complaint to add claims and join as defendants several former supervisors in their official capacities, including Thomas Palladino, Victor Polanco, William G. Tramel, Michael Jaeger, and Cruz Montemayor ("Defendant Supervisors"). Dkt. No. 10. In his Amended Complaint, Plaintiff asserts claims against all Defendants for procedural and substantive due process violations under 42 U.S.C. § 1983 and for breach of contract. *Id*. at ¶¶ 43-66. The Amended Complaint asserts two additional causes of action against TVC for age discrimination under the Age Discrimination in Employment Act ("ADEA") and age and sex discrimination in violation of Title VII of the Civil Rights Act ("Title VII"). *Id*. at ¶¶ 26-42. Plaintiff seeks monetary damages and permanent injunctive relief in the form of reinstatement. *Id*. at p. 13.

On April 29, 2019, the Defendants jointly filed the instant Partial Motion to Dismiss under Federal Rule of Civil Procedure 12(b)(1) and 12(b)(6), alleging that all of Plaintiff's claims, except his Title VII claim against TVC, should be dismissed based on sovereign immunity or for failure to state a claim. Dkt. No. 21.

## II. LEGAL STANDARDS

### A. Rule 12(b)(1)

Federal Rule of Civil Procedure 12(b)(1) allows a party to assert lack of subject matter jurisdiction as a defense to suit. Federal district courts are courts of limited jurisdiction and may exercise only such jurisdiction as is expressly conferred by the Constitution and federal statutes. *Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 377 (1994). A federal court properly dismisses a case for lack of subject matter jurisdiction when it lacks the statutory or constitutional power to adjudicate the case. *Home Builders Assn. of Miss., Inc. v. City of Madison*, 143 F.3d 1006, 1010 (5th Cir. 1998). "The burden of proof for a Rule 12(b)(1) motion to dismiss is on the party asserting jurisdiction." *Ramming v. United States*, 281 F.3d 158, 161 (5th Cir. 2001). "Accordingly, the plaintiff constantly bears the burden of proof that jurisdiction does in fact exist." *Id.* In ruling on a Rule 12(b)(1) motion, the court may consider any of the following: (1) the complaint alone; (2) the complaint plus undisputed facts evidenced in the record; or (3) the complaint, undisputed facts, and the court's resolution of disputed facts. *Lane v. Halliburton*, 529 F.3d 548, 557 (5th Cir. 2008). "When a Rule 12(b)(1) motion is filed in conjunction with other Rule 12 motions, the court should consider the Rule 12(b)(1) jurisdictional attack before addressing any attack on the merits." *Ramming*, 281 F.3d at 161.

### B. Rule 12(b)(6)

Federal Rule of Civil Procedure 12(b)(6) allows a party to move to dismiss an action for failure to state a claim on which relief can be granted. In deciding a Rule 12(b)(6) motion to dismiss for

failure to state a claim, the court "accepts all well-pleaded facts as true, viewing them in the light most favorable to the [nonmovant]." *In re Katrina Canal Breaches Litig.*, 495 F.3d 191, 205 (5th Cir. 2007) (internal quotation marks omitted). The Supreme Court has explained that a complaint must contain sufficient factual matter "to state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). "A claim has facial plausibility when the [nonmovant] pleads factual content that allows the court to draw the reasonable inference that the [movant] is liable for the misconduct alleged." *Ashcroft*, 556 U.S. at 678.

> While a complaint attacked by a Rule 12(b)(6) motion to dismiss does not need detailed factual allegations, a plaintiff's obligation to provide the grounds of his entitle[ment] to relief requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do. Factual allegations must be enough to raise a right to relief above the speculative level . . . ."

*Twombly*, 550 U.S. at 555 (internal quotation marks and citations omitted). The court's review is limited to the complaint, any documents attached to the complaint, and any documents attached to the motion to dismiss that are central to the claim and referenced by the complaint. *Lone Star Fund V (U.S.), L.P. v. Barclays Bank PLC*, 594 F.3d 383, 387 (5th Cir. 2010).

## III. ANALYSIS

### A. The Law of Sovereign Immunity

The Eleventh Amendment provides: "The judicial power of the United States shall not be construed to extend to any suit in law or equity, commenced or prosecuted against one of the United States by Citizens of another State, or by Citizens or Subjects of any Foreign State." U.S. CONST. amend. XI. The Eleventh Amendment codified the sovereign immunity of the states. *Idaho v. Coeur d'Alene Tribe of Idaho*, 521 U.S. 261, 267 (1997). "Sovereign immunity is the privilege of the sovereign not to be sued without its consent." *Va. Office for Prot. & Advocacy v. Stewart*,

4

563 U.S. 247, 253 (2011). Federal courts "may not entertain a private person's suit against a State," unless the State has waived its sovereign immunity or Congress has abrogated it by legislation. *Id.* at 253-54. Moreover, a State's consent to suit under federal law requires a "clear declaration," meaning a statement with "the most express language" or "such an overwhelming implication from that text as will leave no room for any other reasonable construction." *Sullivan v. Univ. of Texas Health Sci. Ctr.*, 217 F. App'x 391, 393 (5th Cir. 2007). Sovereign immunity acts as a jurisdictional bar and applies "regardless of the nature of the relief sought." *Pennhurst State Sch. & Hosp. v. Halderman*, 465 U.S. 89, 100 (1984).

It is well-established that sovereign immunity applies not only to actions where a state itself is the named defendant, but also to actions against state agencies and state instrumentalities. *Regents of the Univ. of Cal. v. Doe*, 519 U.S. 425, 429 (1997). "[A] suit against an arm or instrumentality of the State is treated as one against the State itself." *Lewis v. Clarke*, 137 S. Ct. 1285, 1293 (2017). Similarly, where a lawsuit is brought against an employee in his or her official capacity, the suit may be barred by sovereign immunity. *Kentucky v. Graham*, 473 U.S. 159, 165-66 (1985). The Eleventh Amendment bars suits against state officials in their official capacity when "the state is the real, substantial party in interest." *Pennhurst*, 465 U.S. at 101 (internal citations omitted). "The state is the real party in interest if the decision rendered in a case would operate against the sovereign, expending itself on the public treasury, interfering with public administration, or compelling the state to act or to refrain from acting." *Id*. The Supreme Court's holding in *Ex parte Young* serves as a limited exception to sovereign immunity and provides that a suit against a state officer in his official capacity can survive dismissal only where the suit alleges a continuing violation of federal law and seeks prospective injunctive relief. 209 U.S. 123, 155-56 (1908); *see also Warnock v. Pecos Cty.*, 88 F.3d 341, 343 (5th Cir. 1996).

**B.     ADEA Claim**

Plaintiff alleges that TVC terminated him based on his age in violation of the ADEA. Dkt. No. 10 at ¶¶ 26-32. Defendants moves to dismiss Plaintiff's ADEA claim, arguing that sovereign immunity serves as an absolute bar to suit. Dkt. No. 21 at 7-9. Plaintiff responds that TVC waived its immunity by referencing age discrimination and the ADEA in its Employee Handbook. Dkt. No. 26 at 8-9.

TVC is an agency of the State of Texas. TEX. GOV'T CODE ANN. § 434.001. Accordingly, it is entitled to sovereign immunity unless there has been clear abrogation by Congress or waiver by the state. *Pennhurst*, 465 U.S. at 100. Congress has not abrogated Eleventh Amendment immunity for ADEA suits. *Kimel v. Florida*, 528 U.S. 62, 91 (2000) (stating that, "in the ADEA, Congress did not validly abrogate the States' sovereign immunity to suits by private individuals"). Nor has the Texas Legislature consented to suit in federal court for ADEA claims. *Sullivan*, 217 F. App'x at 394 (finding that Texas did not waive immunity from ADEA claims through provisions in the Texas Labor Code).

Plaintiff's argument that TVC waived its immunity as to ADEA claims based on the TVC Employee Handbook's reference to the ADEA is unfounded. Only the Texas Legislature can waive sovereign immunity under the Eleventh Amendment. *Meyers ex rel. Benzing v. Tex.*, 410 F.3d 236, 241 (5th Cir. 2005); *Tex. Nat. Res. Conservation Comm'n v. IT-Davy*, 74 S.W.3d 849, 853-55 (Tex. 2002). Agencies like TVC have no authority to waive the State's sovereign immunity and consent to suit under the ADEA. *Id.* Since the Texas Legislature has not consented, sovereign immunity bars Plaintiff's ADEA suit against TVC. *See Tex. Veterans Comm'n v. Lazarin*, No. 13-15-00045-CV, 2016 WL 552117, at *6 (Tex. App.—Corpus Christi Feb. 11, 2016, pet. denied) (mem. op.). Accordingly, TVC is entitled to dismissal of Plaintiff's ADEA claim.

### C. Breach of Contract Claim

Plaintiff further asserts a cause of action for breach of contract against TVC and the Defendant Supervisors. Dkt. No. 10 at ¶¶ 43-50. Plaintiff alleges that the TVC Employee Handbook created an enforceable contract Defendants breached by constructively terminating him without cause. *Id.* at ¶ 50; Dkt. No. 10-5 at 33. Plaintiff contends that, in contracting with him by way of the Employee Handbook, Defendants "waived immunity from liability for damages" caused by their breach. Dkt. No. 10 at ¶ 45. Plaintiff seeks reinstatement as equitable relief. *Id.* at ¶ 50. Defendants argue that Plaintiff's contract claim should be dismissed as to all Defendants based on sovereign immunity. Dkt. No. 21 at 10-13.

Whether or not the Employee Handbook constitutes a valid, enforceable employment contact,[2] sovereign immunity bars Plaintiff's contract claim against the Defendants. Only the Texas Legislature can consent to suit for breach of contract. *Fed. Sign v. Tex. S. Univ.*, 951 S.W.2d 401, 409 (Tex. 1997) ("Only the Legislature can waive sovereign immunity from suit in a breach-of-contract claim."); *Jackson v. Tex. S. Univ.*, 997 F. Supp. 2d 613, 648 (S.D. Tex. 2014) ("Texas courts have uniformly held that as a matter of law contract and quasi-contract claims . . . are barred by sovereign immunity."). Here, Plaintiff alleges that TVC's act of contracting with Plaintiff waives "immunity from liability for damages caused by Defendant's breach of contract." Dkt. No. 10 at ¶ 45. Plaintiff's Complaint does not, however, allege any waiver of immunity by the Texas Legislature, a requirement in breach of contract claims. *Id.* at 45-50; *Jackson*, 997 F. Supp. 2d at 648. Plaintiff's breach of contract claim against TVC is barred by the Eleventh Amendment.

---

[2] Plaintiff argues in his Response that the TVC Employee Handbook is an enforceable employment contract which indicates that Plaintiff was not an at-will employee but rather a "regular employee" with "protected property and liberty interests in his continued employment." Dkt. No. 26 at 9-10. As the Defendants point out in their Reply, however, Plaintiff's employment status is not relevant to the question of whether sovereign immunity from suit bars contract claims against Defendants. Dkt. No. 27 at 3.

7

Regarding his contract claim against the Defendant Supervisors, Plaintiff alleges that the *Ex parte Young* exception applies. Dkt. No. 26 at 11. To assert a claim under *Ex parte Young* there also must be some allegation of an ongoing violation of federal law. An allegation of breach of contract is governed by state common law, not federal law. *Kitchens v. Texas Dep't of Human Res.*, 747 F.2d 985, 986 (5th Cir. 1984) (holding that plaintiff's claim for breach of her employment contract fell under state law and was "clearly barred" from federal court by the Eleventh Amendment). A breach of contract claim does not allege any ongoing violation of federal law sufficient to support application of *Ex parte Young*. 209 U.S. at 155-56.

Plaintiff's reliance on *Nelson v. Univ. of Tex.*, 535 F.3d 318 (5th Cir. 2008), to support his argument that his termination "constitutes an ongoing violation of federal law" also is misplaced. Dkt. No. 26 at 11-12. In *Nelson*, the plaintiff asserted that the State's refusal to reinstate him was retaliation for taking leave, thus implicating the Family and Medical Leave Act and alleging an ongoing violation federal law for *Ex parte Young* purposes. *See Nelson*, 535 F.3d at 324. Here, Plaintiff asserts only a general, state-law breach of contract claim. Dkt. No. 10 at ¶¶ 44-50. Thus, even though Plaintiff seeks prospective injunctive relief for his contract claim, because he cannot assert the claim under federal law, *Ex parte Young* is inapplicable and sovereign immunity bars the claim in federal court. *Jackson*, 997 F. Supp. 2d at 648; *see also Hughes v. Savell*, 902 F.2d 376, 378 (5th Cir. 1990) (holding that where a plaintiff "accuse[s] state officers of violating state common law when acting in the course and scope of their employment, the Eleventh Amendment prevents the litigant from raising the claim in federal court whether the litigant seeks damages or injunctive relief"). Accordingly, Plaintiff's state law claim for breach of contract against the Defendant Supervisors also should be dismissed from this lawsuit.

### D. Section 1983 Claims

Plaintiff alleges claims against both TVC and the Defendant Supervisors for depriving him of his procedural and substantive due process rights under 42 U.S.C. § 1983. Dkt. No. 10 at ¶¶ 51-66. According to Plaintiff, Defendants deprived him of his procedural due process right to "notice and a meaningful opportunity to be heard once a complaint was filed against him." *Id.* at ¶ 57. Plaintiff further alleges that by forcing him to resign in lieu of termination, Defendants violated his right to substantive due process. *Id.* at ¶ 66. Defendants move to dismiss each claim.

Section 1983 provides a private cause of action against those who, under color of law, deprive a citizen of the United States of "any rights, privileges, or immunities secured by the Constitution and laws." 42 U.S.C. § 1983. "Section 1983 is not itself a source of substantive rights, but merely provides a method for vindicating federal rights elsewhere conferred." *Albright v. Oliver*, 510 U.S. 266, 271 (1994) (internal quotations omitted). To state a claim under § 1983, a plaintiff "must (1) allege a violation of a right secured by the Constitution or laws of the United States and (2) demonstrate that the alleged deprivation was committed by a person acting under color of state law." *Moore v. Willis Indep. Sch. Dist.*, 233 F.3d 871, 874 (5th Cir. 2000). A plaintiff "must identify defendants who were either personally involved in the constitutional violation or whose acts are causally connected to the constitutional violation alleged." *Anderson v. Pasadena Indep. Sch. Dist.*, 184 F.3d 439, 443 (5th Cir. 1999). Claims under § 1983 may be brought against persons in their individual or official capacity, or against a governmental entity. *See Bd. of Cty. Comm'rs of Bryan Cty. v. Brown*, 520 U.S. 397, 403 (1997).

#### 1. Dismissal of Section 1983 Claims Under Sovereign Immunity

Defendants assert that sovereign immunity bars Plaintiff's § 1983 claims against TVC entirely and limits his § 1983 claims against the Defendant Supervisors to recovery of prospective injunctive relief. Dkt. No. 21 at 13-15. As previously discussed, TVC is an agency of the State and

thus is entitled to sovereign immunity unless abrogated by Congress or waived by the State. TEX. GOV'T CODE ANN. § 434.001; *Pennhurst*, 465 U.S. at 100. Congress has not abrogated sovereign immunity for § 1983 suits; nor has the State waived its immunity. *Lewis v. Univ. of Texas Med. Branch at Galveston*, 665 F.3d 625, 630 (5th Cir. 2011). TVC thus is entitled to sovereign immunity as to Plaintiff's due process claims under § 1983 in their entirety. As noted, the Eleventh Amendment also extends "to state officials who are sued in their official capacity because such a suit is actually one against the state itself." *McKinley v. Abbott*, 643 F.3d 403, 406 (5th Cir. 2011). Accordingly, Plaintiff's § 1983 claims seeking relief in the form of monetary damages against the Defendant Supervisors in their official capacity also are barred.

To the extent that Plaintiff's § 1983 claims seek prospective injunctive relief against the Defendant Supervisors in their official capacity, however, those claims survive. To decide if the *Ex parte Young* exception applies, "a court need only conduct a straightforward inquiry into whether [the] complaint alleges an ongoing violation of federal law and seeks relief properly characterized as prospective." *Stewart*, 563 U.S. at 255.[3] Here, Plaintiff's Amended Complaint asks for an "order of permanent injunctive relief providing for the reinstatement of Plaintiff to Defendant employer, TVC." Dkt. No. 10 at ¶ 68. The Fifth Circuit has held that a claim for reinstatement of employment is a form of prospective equitable relief that may be brought pursuant to the *Ex parte Young* exception. *See Anderson v. Valdez*, 913 F.3d 472, 479 (5th Cir. 2019). Plaintiff's § 1983 claims for prospective injunctive relief against the Defendant Supervisors in their official capacity thus fall within the *Ex parte Young* exception and are not subject to dismissal under Rule 12(b)(1).

---

[3] The *Ex parte Young* exception applies only to suits for prospective injunctive relief against state officials and "has no application in suits against the States and their agencies, which are barred regardless of the relief sought." *Puerto Rico Aqueduct & Sewer Auth. v. Metcalf & Eddy, Inc.*, 506 U.S. 139, 146 (1993).

### 2. Dismissal of Section 1983 Claims for Failure to State a Claim

Defendants move to dismiss Plaintiff's § 1983 claims against the Defendant Supervisors under Rule 12(b)(6) for failure to state a claim on which relief can be granted. Dkt. No. 21 at 15-19. Plaintiff does not address Defendants' arguments in his Response. *See* Dkt. No. 26 at 11-12. Based on Plaintiff's failure to offer any facts, pleadings, or authority to support his § 1983 claims in response to Defendants' 12(b)(6) argument, the Court could deem those claims abandoned and dismiss them accordingly. Nonetheless, the Court addresses the claims on the merits.

#### a. Procedural Due Process Claim Against the Defendant Supervisors

In his procedural due process claim against the Defendant Supervisors, Plaintiff alleges that after the sexual harassment complaint was lodged against him, Plaintiff was entitled to "notice of the charges against him and a meaningful opportunity to be heard at a meaningful time." Dkt. No. 10 at ¶ 56. Defendants argue that Plaintiff has not pled a plausible procedural due process claim sufficient to survive Rule 12(b)(6). Dkt. No. 21 at 15-17.

To survive a Rule 12(b)(6) motion, a procedural due process claim must plausibly establish that (1) the State interfered with an existing protected liberty or property interest; and (2) the procedures leading up to the deprivation of that interest were constitutionally deficient. *Meza v. Livingston*, 607 F.3d 392, 399 (5th Cir. 2010). For the purposes of a due process claim, an employee has a property interest in his employment only when he has a legitimate right to continued employment. *McDonald v. City of Corinth,* 102 F.3d 152, 155 (5th Cir. 1996) (citing *Perry v. Sindermann*, 408 U.S. 593, 601-602 (1972)). Generally, no such right exists unless "the public entity has acted to confer, or alternatively, has created conditions which [imply], the existence of a property interest by abrogating its right to terminate an employee without cause." *Muncy v. City of Dall.*, 335 F.3d 394, 398 (5th Cir. 2003).

Under Texas law, employment is presumed to be "at will," or terminable at any time by either party with or without cause. *Fed. Express Corp. v. Dutschmann*, 846 S.W.2d 282, 283 (Tex. 1993). To overcome this presumption, a plaintiff must demonstrate that his employment status has been altered by statute, contract, or express policies which limit the conditions by which an employee may be terminated. *Muncy*, 335 F.3d at 398. Texas law provides that unilaterally issued employment manuals, handbooks, or policies do not, without more, constitute written contracts. *See Heggemeier v. Caldwell Cty.*, 826 F.3d 861, 871 (5th Cir. 2016); *Zimmerman v. H.E. Butt Grocery Co.*, 932 F.2d 469, 471 (5th Cir. 1991). An employee handbook can only modify an employee's at-will status where it clearly and specifically outlines the circumstances in which an employee can be terminated and the employer has unequivocally demonstrated an intent to be bound by those procedures. *Aiello v. United Air Lines, Inc.*, 818 F.2d 1196, 1201 (5th Cir. 1987) (finding a handbook could alter at-will employment status where it contained "detailed procedures for discipline and discharge" because "the company followed them and notified appellee that she was entitled to them" and "treated them as a contract obligation"); *see also Byars v. City of Austin*, 910 S.W.2d 520, 523-24 (Tex. App.—Austin 1995, writ denied) (holding that an employee handbook's description of usual disciplinary procedures was not "clear and specific" so as to modify employment at will); *Matagorda Cty. Hosp. Dist. v. Burwell,* 189 S.W.3d 738, 739 (Tex. 2006) (stating that limitations on at-will employment "cannot simply be inferred" based on a handbook alone).

Plaintiff has not alleged facts sufficient to overcome the presumption that his employment with TVC was at will. There are no statutes governing TVC employees' entitlement to continued employment. Nor has Plaintiff alleged that any formal, written employment contract with TVC establishing his rights as a tenured employee exists. Plaintiff's basis for claiming a property interest

in his continued employment rests solely on his allegation of an implied contract created by the TVC Employee Handbook and TVC documentation provided to Plaintiff. Dkt. No. 26 at 9-10; *see* Dkt. Nos. 10-5, 10-8. According to Plaintiff, provisions of the TVC Employee Handbook which provide grounds for disciplinary action and describe procedures for termination created an implied contract and altered his at-will status. Dkt. No. 26 at 10. Plaintiff also cites his new employee forms referencing a "probationary period" before he gained the "rights and status of a regular employee" as evidence that he was not an at-will employee. *Id*.

Plaintiff's evidence does not rise to the level required by Texas law to overcome the presumption that his employment was at will. The TVC Employee Handbook and hiring documentation do not unequivocally indicate TVC's intention to alter the at-will status of Plaintiff's employment. *Zimmerman*, 932 F.2d at 471 (holding that although the handbook "contained fairly detailed procedures for discipline and discharge," it "did not provide that employees would only be discharged for good cause" and did not alter the employee's at-will status). Accordingly, Plaintiff has not overcome the presumption of at-will employment with TVC to demonstrate a property interest for a due process claim.

Even if Plaintiff had alleged a legitimate property interest in his employment with TVC, he did not sufficiently allege that he was terminated without constitutionally sufficient due process. The essential requirements of due process are notice and an opportunity to be heard. *See Cleveland Bd. of Educ. v. Loudermill*, 470 U.S. 532, 546 (1985). Generally, where an employer offers a full post-termination process, such as an appeal, the pre-termination process granted to an employee "need not be elaborate." *Id*. In such circumstances, process is sufficient where an employee is given notice of the charges against him, an explanation of the employer's evidence, and a chance to present his side of the story. *Id.; see also, e.g., Browning v. City of Odessa*, 990 F.2d 842, 844

(5th Cir. 1993) (finding no violation of due process where an employee was given a thirty-minute informal meeting with his supervisor informing him of the reasons for his termination).

Here, the facts of record show that Plaintiff was informed of the sexual harassment allegations against him, interviewed in person about the incident by supervisors, and asked to give his own written statement regarding the events. Dkt. No. 10-4 at 2-5. After Plaintiff was terminated, he was afforded an appeal process to share his side of the story again and provide additional evidence. *Id*. at 3-6. Following Plaintiff's appeal letter, he received a letter from Defendants informing him that his appeal had been "carefully reviewed and given due consideration," but ultimately denied. *Id*. at 6. Given the minimal standard for pre-termination process where a post-termination process is available and the fact that Plaintiff was afforded the full appeal process, Plaintiff cannot plausibly allege a violation of his procedural due process rights. Plaintiff does not have an actionable procedural due process claim merely because he disagrees with the outcome after having been afforded sufficient process. *See, e.g., Clarke v. Univ. of N. Texas*, 993 F.2d 1544 (5th Cir. 1993) (noting that "[p]rocedural due process rights do not guarantee a particular outcome to a disciplinary proceeding but only assure that it is fairly conducted").

The record demonstrates that Defendants provided Plaintiff with ample pre-termination and post-termination due process. Accordingly, Plaintiff has not met his burden to plead a procedural due process claim against the Defendant Supervisors that can survive Defendants' Rule 12(b)(6) motion.

### b. Substantive Due Process Claim Against the Defendant Supervisors

Plaintiff's Amended Complaint alleges that the TVC Employee Handbook implements requirements relating to disciplinary action or termination of TVC employees with which Defendants failed to comply, thereby violating his substantive due process rights. Dkt. No. 10 at ¶¶ 65-66. Specifically, the Employee Handbook provides that TVC supervisors must execute

disciplinary action with the goal of "improvement of future behavior and/or performance of the employee and the avoidance of similar occurrences in the future." *Id.* at ¶ 65. Plaintiff contends that in forcing him to resign, Defendants failed to adhere to the requirements in the TVC Employee Handbook and thus took unconscionable disciplinary action in violation of his substantive due process rights. *Id.* at ¶ 66. Defendants argue that Plaintiff again fails to allege plausible basis for relief.

To properly plead a substantive due process claim, a plaintiff must show that (1) he had a property interest in his continued employment, and (2) the public employer terminated that interest "arbitrarily or capriciously." *Finch v. Fort Bend Indep. Sch. Dist.*, 333 F.3d 555, 562-63 (5th Cir. 2003). To prove the employer acted arbitrarily and capriciously, a plaintiff must show that the employer's decision "'so lacked a basis in fact' that it could be said to have been made 'without professional judgment.'" *Jones v. La. Bd. of Sup'rs of Univ. of Louisiana Sys.*, 809 F.3d 231, 240 (5th Cir. 2015) (quoting *Texas v. Walker*, 142 F.3d 813, 819 (5th Cir. 1998)).

As discussed above, Plaintiff has not met his burden to show that he had a property interest in his continued employment with TVC. His claim for substantive due process thus fails at the first step. Nonetheless, even if Plaintiff had sufficiently demonstrated a right in his continued employment, his substantive due process claim still must fail. Given that an investigation found Plaintiff responsible for credible complaints of sexual harassment, Defendants' actions cannot be characterized as "without professional judgment." *See Walker*, 142 F.3d at 819. It is clear from the pleadings that Plaintiff cannot overcome the high burden to show that the Defendants' actions amounted to an abuse of power. *See Lewis v. Univ. of Tex. Med. Branch at Galveston*, 665 F.3d 625, 630 (5th Cir. 2011); *see also Cripps v. La. Dep't of Agric. & Forestry*, 819 F.3d 221, 232 (5th Cir. 2016) (holding that a plaintiff must demonstrate that "the behavior of the governmental

officer is so egregious, so outrageous, that it may fairly be said to shock the contemporary conscience"). Accordingly, the Defendant Supervisors are entitled to dismissal of Plaintiff's substantive due process claims against them under Rule 12(b)(6).

**E.    Title VII Claim**

Plaintiff also asserts a Title VII claim against TVC for sex discrimination.[4] Dkt. No. 10 at ¶¶ 33-42. Defendants do not allege that sovereign immunity bars Plaintiff's Title VII sex discrimination claim and have not moved to dismiss this cause of action. Dkt. No. 21 at 9-10. Accordingly, the Title VII claim against TVC remains pending.

**F.    Conclusion**

In summary, Plaintiff's claims against TVC for violation of the ADEA and for violations of due process under § 1983 are barred by sovereign immunity. All Defendants are entitled to immunity from suit with respect to Plaintiff's state law claim for breach of contract. The § 1983 due process claims against the Defendant Supervisors in their official capacity are subject to dismissal under Rule 12(b)(6) for failure to allege a claim. Plaintiff's Title VII sex discrimination claim should remain pending against TVC.

## IV.   RECOMMENDATION

Based on the foregoing, the undersigned **RECOMMENDS** that the District Court **GRANT** Defendants' Partial Motion to Dismiss (Dkt. No. 21) as to all claims except the Title VII sex discrimination claim against TVC. Specifically, the undersigned **RECOMMENDS** that the District Court **GRANT** Defendants' Partial Motion to Dismiss as to the state law claim of breach of contract against all Defendants and the claims against TVC for age discrimination under the

---

[4] Defendants expressed some confusion as to whether Plaintiff also asserted his Title VII claim on an allegation of age discrimination. *See* Dkt. No. 21 at 9-10. Plaintiff's Response clarifies that his Title VII claim encompasses only discrimination based on sex, not on age. Dkt. No. 26 at 4 n.17.

ADEA and violations of due process against under 42 U.S.C. § 1983, based on a lack of subject-matter jurisdiction. The undersigned **FURTHER RECOMMENDS** the District Court **GRANT** Defendants' Partial Motion to Dismiss Plaintiff's § 1983 procedural and substantive due process claims against Defendant Supervisors under Rule 12(b)(6).

**IT IS FURTHER ORDERED** that this case be removed from the Magistrate Court's docket and returned to the docket of the Honorable Robert Pitman.

## V. WARNINGS

The parties may file objections to this Report and Recommendation. A party filing objections must specifically identify those findings or recommendations to which objections are being made. The District Court need not consider frivolous, conclusive, or general objections. *See Battle v. United States Parole Comm'n*, 834 F.2d 419, 421 (5th Cir. 1987).

A party's failure to file written objections to the proposed findings and recommendations contained in this Report within fourteen (14) days after the party is served with a copy of the Report shall bar that party from de novo review by the District Court of the proposed findings and recommendations in the Report and, except on grounds of plain error, shall bar the party from appellate review of unobjected-to proposed factual findings and legal conclusions accepted by the District Court. *See* 28 U.S.C. § 636(b)(1); *Thomas v. Arn*, 474 U.S. 140, 150-53 (1985); *Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415, 1428-29 (5th Cir. 1996) (en banc).

**SIGNED** on October 29, 2019.

_____
SUSAN HIGHTOWER
UNITED STATES MAGISTRATE JUDGE