UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF TEXAS
AUSTIN DIVISION

| | | |
|---|---|---|
| **BENJAMIN ROSARIO,** *Plaintiff* | § § § | |
| v. | § § | Case No. 1:18-CV-01008-RP |
| **TEXAS VETERANS COMMISSION,** *Defendant* | § § § | |

## ORDER

Before the Court are Plaintiff's Motion for Extension of Time to Complete Discovery (Dkt. 57) and Defendant's Response in Opposition to Plaintiff's Motion for Extension of Time to Complete Discovery (Dkt. 58), both filed December 21, 2021. On December 22, 2021, the District Court referred the Motion to the undersigned Magistrate Judge for disposition, pursuant to 28 U.S.C. § 636(b)(1)(A), Federal Rule of Civil Procedure 72, and Rule 1(c) of Appendix C of the Local Rules of the United States District Court for the Western District of Texas.

### I.   General Background

Plaintiff Benjamin Rosario filed this lawsuit against the Texas Veterans Commission (Defendant or TVC) on November 26, 2018. Plaintiff claimed violations of Title VII of the Civil Rights Act of 1964 (Title VII) and the Age Discrimination in Employment Act of 1967; deprivation of procedural and substantive due process; and breach of contract. First Amended Complaint, Dkt. 10. Plaintiff alleges that he was a Veterans Affairs counselor for 32 years and began working for the TVC in 2010. *Id.* ¶ 14. Plaintiff alleges that he was forced to resign from the TVC involuntarily in November 2017 after he was "found responsible for engaging in acts of sexual harassment" against a coworker. *Id.* ¶ 22. Plaintiff further alleges that he had informed TVC in October 2017 that he planned to retire early, in April 2018. *Id.* ¶ 17. "As a result of his coerced resignation, Plaintiff has not accrued his full retirement benefits." *Id.* ¶ 24.

On March 20, 2020, the District Court granted Defendant's Partial Motion to Dismiss and dismissed all of Plaintiff's claims except his Title VII sex discrimination claim against TVC. Dkt. 30. A final pretrial conference is set for April 1, 2022, with jury trial commencing on May 9, 2022. Dkt. 53 ¶ 10; Dkt. 55.

Pursuant to the Court's Amended Scheduling Order, the deadline for the parties to complete all discovery was November 1, 2021. Dkt. 53 ¶ 7. On December 1, 2021, Defendant timely filed a motion for summary judgment, which remains pending. Dkt. 54. On December 14, 2021, the District Court granted Plaintiff's unopposed motion to extend his deadline to respond to Defendant's summary judgment motion until December 22, 2021. The day before that deadline, Plaintiff filed the instant motion.

Plaintiff seeks additional discovery because:

> The undersigned counsel for Plaintiff Benjamin Rosario has recently located, through a private investigator, a Veterans Administration ("VA") union representative, Katherine Gray, who worked on or around the VA Kerrville (where Plaintiff was previously stationed while working at the TVC). Ms. Gray conversed with TVC investigators concerning a complaint filed against Plaintiff, was familiar with Plaintiff's work while he was employed by the TVC, and is knowledgeable concerning the TVC-VA partnership as referenced in Plaintiff's termination paperwork. In the course of deposing TVC investigators and Plaintiff's former supervisors, deponents claimed that Plaintiff's alleged sexual harassment of a coworker "severely damaged" the TVC-VA partnership and "the VA Federal Employees Union was up in arms[.]" Therefore, Ms. Gray's testimony may assist in supporting or contradicting reasons cited by TVC to justify Plaintiff's termination. Ms. Gray also has knowledge of additional documentation that has not yet been made available to the parties in this case related to the sexual harassment complaint made against Plaintiff. Because Ms. Gray has relevant knowledge concerning the claim at issue in this case, Plaintiff seeks to take her deposition at the earliest agreed-upon date.

Dkt. 57 ¶ 1. Defendant argues that the request should be denied because it is not supported by good cause, and that Plaintiff should not be allowed "to conduct a fishing expedition." Dkt. 58 at 2.

## II. Legal Standard and Analysis

Rule 16(b)(4) provides that a scheduling order "may be modified only for good cause and with the judge's consent." The good cause standard requires the party seeking relief to show that the deadlines cannot reasonably be met despite the diligence of the party needing the extension. *S & W Enters., LLC v. Southtrust Bank of Ala., NA*, 315 F.3d 533, 535 (5th Cir. 2003). Four factors are relevant to a showing of good cause: (1) the explanation for the failure to timely comply with the scheduling order; (2) the importance of the evidence; (3) potential prejudice in allowing the evidence; and (4) the availability of a continuance to cure such prejudice. *Batiste v. Lewis*, 976 F.3d 493, 500 (5th Cir. 2019). The Court considers the four good cause factors in turn.

### 1. Explanation for Failure to Timely Comply with the Scheduling Order

Plaintiff offers no explanation for his failure to timely comply with the Court's Scheduling Order, contending only that a private investigator "has recently located" Ms. Gray, the witness he seeks to depose. Dkt. 57 ¶ 1. Indeed, Plaintiff does not even contend that the witness was located after the close of discovery. The first factor weighs strongly against reopening discovery.

### 2. Importance of the Evidence

Plaintiff contends that "Ms. Gray's testimony may assist in supporting or contradicting reasons cited by TVC to justify Plaintiff's termination," and that she "has knowledge of additional documentation that has not yet been made available to the parties in this case related to the sexual harassment complaint made against Plaintiff." *Id.* Plaintiff does not identify the additional documents of which Ms. Gray has knowledge. Defendant argues that:

> Plaintiff fails to explain how a Veterans Affairs union representative's commentary regarding a TVC investigation that she had no part in has any tendency to affect the outcome of this case. Whether TVC believed its relationship was threatened by Plaintiff's conduct is not only well-established in the record and common-sensical, but this fact also has nothing to do with the fact that Plaintiff admits he grabbed and kissed a Veterans Affairs Employee . . . and was asked to resign for it.

Dkt. 58 at 3.

Plaintiff's vague statements concerning Ms. Gray's knowledge are insufficient to show that her testimony would be important to resolution of the claim at issue in this case. The second factor also weighs against a finding of good cause.

### 3. Potential Prejudice

Plaintiff does not address the third factor, potential prejudice in allowing the evidence. Defendant argues that it would be prejudiced by reopening discovery because it already has filed a motion for summary judgment, citing *Squyres v. Heico Cos.*, 782 F.3d 224 (5th Cir. 2015). The Court agrees with Defendant. Reopening discovery at this stage of the proceeding would unnecessarily delay resolution of this case. The third factor weighs against a finding of good cause.

### 4. Availability of a Continuance

Because neither party has requested a continuance, the final factor is neutral.

### III.  Conclusion

The Court has carefully considered the relevant factors and found that none weighs in favor of a finding of good cause; three weigh against such a finding, and the fourth is neutral. The Court therefore finds that Plaintiff has not shown good cause to reopen discovery under Rule 16(b). Accordingly, Plaintiff's Motion for Extension of Time to Complete Discovery (Dkt. 57) hereby is **DENIED**.

**IT IS FURTHER ORDERED** that this case be removed from the Magistrate Court's docket and returned to the docket of the Honorable Robert Pitman.

**SIGNED** on December 28, 2021.

SUSAN HIGHTOWER
UNITED STATES MAGISTRATE JUDGE